[No. 2,803.]

# THE CITY OF OAKLAND *v.* S. B. WHIPPLE AND T. J. A. CHAMBERS.

TAXES LEVIED UNDER ACT SUBSEQUENTLY REPEALED.—Where taxes are levied under a law which is repealed by a subsequent Act, unless it be made apparent by clear and unequivocal language that the repealing Act was intended to have a retrospective operation, it will be inferred that the intent of the Legislature was that the taxes should be collected in accordance with the law in force at the time they were levied.

CORRECTION OF COMPLAINT.—In an action for the collection of delinquent taxes, where there is a clerical error in the complaint in stating the value of the property upon which the tax is assessed, and the judgment for that reason appears to be erroneous, the case will be sent back, with leave to the plaintiff to amend his complaint.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

The plaintiff had judgment, and the defendants appealed. The other facts are stated in the opinion.

*A. M. Crane*, for Appellants.

*H. H. Havens*, for Respondent.

By the Court, RHODES, J.:

This action, which was brought by the City Attorney for the recovery of a delinquent tax which was levied for the year 1869, was commenced January 17th, 1870. It is not denied by the defendants that the action was properly commenced, and that at that time the City of Oakland was entitled to a judgment for the amount then due for delinquent taxes; but they say that "the law under which said action was commenced was repealed, after service of summons, and before judgment." (Session laws 1870, p. 722–3.) And their argument is, as we understand it, that as that Act repealed all prior Acts, so far as they conflicted with that Act, the plaintiff was left without any cause of action—that is to say, was not thereafter entitled to maintain an action for the collection of a tax theretofore levied.

The Act of 1870 provides, among other things, that the Tax Collector shall complete the "delinquent list" on the Saturday next preceding the third Monday in December of each year; and that after the list shall have been published, as prescribed in the Act, the Tax Collector shall proceed to collect the delinquent taxes, in the manner prescribed by law for the collection of delinquent taxes in the City and County of San Francisco. It was impossible for the officers to proceed, under the Act of 1870, with the collection of the taxes for the year 1869, because the time for the perform-

ance of several of the duties prescribed by that Act, and the law for the collection of delinquent taxes in San Francisco had already elapsed when the Act of 1870 was passed. To hold that the Act was intended to have a retrospective operation, so as to affect taxes which had already become due, would be to hold that the Legislature intended to remit all those taxes. A result so manifestly incompatible with the plainest provisions of the Constitution, would not be inferred, but must be made apparent by clear and unequivocal language. That construction is not necessary in order to give full effect to the Act, and, in our opinion, it was not intended that the Act should have a retrospective operation; but the intent was that the taxes then due should be collected according to the law then in force.

The complaint states that the value of the property was four thousand dollars, and that the rate of taxation was one dollar and twenty-five cents on each one hundred dollars. The judgment, which was for five hundred and twenty-five dollars, is in excess of the amount due for taxes, penalty, etc. The plaintiff says that the statement of the value of the property is a clerical error, and that forty thousand dollars was the true amount, and the amount intended to have been stated. As the judgment was taken by default, it is proper to give the plaintiff an opportunity to amend his complaint.

Judgment reversed, and cause remanded for further proceedings.