State Ex-Rel. Marion County v. Certain Lauds, and State Ex-Rel. Featherston v. Certain Lands.

---

STATE EX. REL. MARION COUNTY v. CERTAIN LANDS, AND STATE EX. REL. FEATHERSTON v. CERTAIN LANDS.

1.  OVER-DUE TAX LAW : *Constitutional.*
    The over-due tax law of March 12, 1881, is not unconstitutional.

2.  STATUTE : *Repeal of, does not affect rights or liabilities already accrued.*

State Ex-Rel. Marion County v. Certain Lands, and State Ex-Rel. Featherston v. Certain Lands.

When a statute for the levy and collection of taxes has been repealed, the repeal does not operate retrospectively so as to remit taxes already due and unpaid; and the repeal of the overdue tax law by act of February 17, 1883, did not affect pending proceedings under that law for the collection of taxes.

APPEAL from *Marion* County.

Hon. J. H. PATTERSON, Circuit Judge.

APPEAL from *Scott* County.

Hon. J. H. ROGERS, Circuit Judge.

*J. F. Wilson,* for Appellant.

The States ancient right of taxation is *fully* and *expressly* conceded in Sec. 23, Art. 2, Const. It is inherent and based upon necessity. *Cooley Const., Lim,* 580; *Burroughs on Taxation,* 370. The Act of 1881, p. 64, "Overdue Tax Law," is but the State's remedy provided by her Legislature for the recovery of her taxes past due, and is a necessary one. The Constitution is not the *source* of the State's power to tax, it is but the limitation on that power inherent in the Legislature. *Burroughs Taxation,* 370. The Act does not conflict with *Sec. 5, Art. 16, Const.,* nor any other of its requirements.

It is constitutional.

*C. B. Moore, Att'y.-Gen.,* for the State, adopts Mr. Wilson's brief.

SMITH, J. These were bills to enforce the payment of overdue taxes, brought under the Act of March 12, 1881, and the amendatory Act of March 22, 1881. They allege that certain described parcels of land were subject to taxation for certain years, but from some cause had been omitted from the assessment rolls. And it was prayed that the Assessor might be required to assess the lands at their actual value for those years and that the amount of taxes due might

State Ex-Rel. Marion County v: Certain Lands, and State Ex-Rel.
Featherston v. Certain Lands.

be ascertained by the court upon an extension based upon the levies made by the State and the County Court for said several years, for which a lien should be declared and a sale of the lands ordered.

In one case, upon the intervention and demurrer of the owner of one of the tracts mentioned, the Court dismissed the cause, holding the Act to be unconstitutional. In the other case, no defence was interposed; but on final hearing the bill was dismissed for the want of equity.

Both bills contain the substantial averments that are required by the Act. And Sec. 1, 8 and 20 of the Act make provisions for the case where, from inadvertence or other cause, lands that are taxable have escaped assessment.

We do not recall any constitutional privilege, nor any principle of natural justice, which this law invades. It is certainly right that all, who in their persons or their property, enjoy the protection of the government, should contribute to its support in proportion to their means.

The Constitution of 1874, Art. II, Sec, 23, expressly concedes the State's ancient right of taxation. And it imposes sundry limitations upon the exercise of that right. But the power to levy and collect taxes is not derived from that instrument; being, indeed, an essential attribute of sovereignty and necessary to the continued existence of all governments, whatever their form.

It is provided that the assessment and taxation of property shall be equal and uniform throughout the State, according to value; but the ascertainment of values, as well as all other details of levying and collecting taxes are left to the discretion of the Legislature. Constitution of 1874, Art. XVI, Sec. 5.

Some of the Acts, under which levies were made for some of the years in question, have been repealed either expressly

or by implication.   When the taxes had already become due, as in cases where the lands had been assessed, but payment had not been made, a retrospective operation should not be given to the repealing statute.   It can not be supposed that the General Assembly intended to remit those taxes.   *Oakland v. Whipple,* 44 *Cal.* 503.

And with regard to lands that have never been assessed, as in the present cases, the Act in question is sufficient authority to collect taxes upon them according to the rates levied by the proper authorities for State, County and School purposes during the omitted years.

The overdue Tax Law was repealed by the Act of February 17, 1883, but this does not affect pending proceedings. *Gantt's Digest, Sec.* 5624.   *McCuen v. State,* 19 *Ark.* 636.

The judgment of the Marion and Scott Circuit Courts are reversed and the cause remanded with directions in the one case to overrule the demurrer to the bill and in both to proceed in conformity with this opinion.