# The State *v.* Sloss.

*Action against Agent, for Taxes assessed against Foreign Corporation.*

1. *Tax assessed on gross receipts of business of corporation; liability of agent for.*—It is competent for the legislature, in leving a tax upon the gross receipts of the business conducted in this State by a foreign corporation, to require it to be paid by the resident agent; and this liability, on default by him, may be enforced by suit.

2. *Repeal of law before tax is collected.*—The provision contained in the revenue law approved December 12th, 1884, imposing a tax on the gross receipts of the business of any person or corporation engaged in lending money on mortgages (Sess. Acts 1884-5, pp. 3-10, § 6, subd. 8), was expressly repealed by the subsequent amendatory act approved December 11th, 1886 (Sess. Acts 1886-7, pp. 31-38, § 15), but the repealing act is not made retroactive; and construing the several acts relating to the levy, assessment and collection of taxes, as *in pari materia*, the taxes levied and assessed under said former law while in force, but not collected at the time of its repeal, are not remitted or discharged, but may still be collected as before, within the statutory limit of five years.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. HENRY C. SPEAKE.

WM. RICHARDSON, for the appellant, cited Cooley on Taxation, 292–3; *New England M. S. Co. v. Board of Revenue,* 81 Ala. 110; *Oakland v. Whipple,* 44 Cal. 303; *Railroad Co. v. Belvidere,* 35 N. J. 584.

L. W. DAY, and D. D. SHELBY, *contra,* cited *Pope v. Lewis,* 4 Ala. 487; *Jordan v. State,* 15 Ala. 746; *Luke v. Calhoun Co.,* 56 Ala. 415; *Broughton v. Bank,* 17 Ala. 828; Cooley on Taxation, 18, note; *Ross v. Lane,* 11 Miss. 695; *French v. State,* 53 Miss. 651; *Abbott v. Britton,* 23 La. Ann. 511; *Murian v. Sheeth,* 5 Ind. 35; 57 Ind. 96.

CLOPTON, J.—The action is brought by the State, to recover of the defendant, who was agent of the American Mortgage Company of Scotland, the taxes assessed on the gross receipts derived from engaging in the business in this State, of loaning money or other thing of value upon mortgage or lien on property, under sub-division eight of section six of the "Act to levy taxes for the use of the State and

counties thereof," approved December 12, 1884. Acts 1884–85, p. 3. The section requires that, when the business is conducted by an agent, such agent must annually, on the first day of April, return to the assessor a sworn statement of the gross receipts derived from such business for the year preceding; and further provides, that "each such agent shall be personally responsible for the amount of the taxes hereby levied and assessed under this section upon the said gross receipts of the persons, company, association or corporation, for which, or in whose interest, such agent may be acting." The defendant having failed, as such agent, to return the sworn statement as required by April 1st, 1886; the assessor thereafter assessed the taxes. It was competent for the legislature to require the agent to pay the taxes, and he may be compelled to do so by suit.—*Sumter County v. Nat. Bank of Gainesville*, 62 Ala. 464. The liability of the agent is not imposed in the nature of a penalty, for failure to return the sworn statement; but is the mode provided to collect the taxes.

This section of the revenue law was repealed by the amendatory act of December 11, 1886.—Acts 1886-87, p. 31.

The complaint was demurred to, on several grounds, one of the assigned grounds of demurrer being the repeal of the section under which the taxes were levied, before the action was brought; which was sustained by the court. The other grounds of demurrer were overruled, and are not before us for consideration.

Though some courts hold otherwise, the general rule sustained by the weight of authority is, "that where taxes are levied under a law which is repealed by a subsequent act, unless it appears clearly that the legislature intended the repeal to work retrospectively, it will be assumed that it intended the taxes to be collected according to the law in force when they were levied."—*Cooley on Tax.* 292, *n.*; *Oakland v. Whipple*, 44 Cal. 303. Generally, a statute will not be construed to have retroactive operation, unless there be found therein clear expressions that it shall have such effect. There are no expressions in the repealing amendatory act, indicating an intention to destroy the right to collect taxes levied by prior statutes; but, on the contrary, sedulous care is manifested by other statutes relating to the same subject, to preserve and continue the right to collect such taxes. By section 31 of the "Act to provide for the assessment and collection of taxes for the use of this State and the counties

thereof, and to define the duties of the officers engaged about the said assessment and collection of taxes," it is made the duty of the assessor, whenever he shall discover that any person or property has escaped taxation in any previous assessment, to assess the taxes thereon for such previous years as such persons or property have escaped, within five years from the date of discovery.—Acts 1884-85, p. 21. And by the act of February 28, 1887, amending the act of February 17, 1885, it is made the duty of the tax-collector, while engaged in the collection of taxes for any year, when he discovers that any person or property has not been assessed with the taxes for any preceding year, not exceeding five years previously, to forthwith assess and collect the taxes due on the same, and to notify the assessor of the fact so discovered, that proper assessments of unassessed taxes may be made.—Acts 1886-87, p. 3. The act of February 17, 1885, provides, that the law in existence at the date of its passage, for the assessment and collection of taxes, shall remain in full force, as to the assessment and collection of taxes levied or assessed under previous acts though repealed. Not only is this provision unaffected by the amendatory act, but it is made the duty of the collector to assess and collect the taxes for any year which has escaped the assessor during the preceding five years. These statutory provisions clearly manifest legislative viligance and assiduous care to guard against any person or property avoiding the proportion of the burden of taxation lawfully imposed, by escaping taxes, which had been levied, and not collected because unassessed—a preservation and continuance of the right to collect the taxes due for preceding years, notwithstanding the acts levying them may have been repealed; the only limitation being that five years shall not have elapsed. To construe the repealing act as having a retroactive operation, so as to destroy the right to collect taxes which had in fact been assessed and become due, would be to hold that the legislature intended to remit such taxes, and at the same time preserve the right to collect taxes which had escaped assessment. A construction, which would lead to such inconsistent results, should not be inferred, unless clear and unambiguous expressions make it apparent. An express saving clause is not required to preserve the right to collect. It is sufficient if such intention is made apparent, when all the acts relating to the same subject-matter are regarded. Considering and construing all the acts providing for the

levy, assessment and collection of taxes, in connection with each other, our conclusion is, that it was not intended to remit the taxes, but that they should be collected in accordance with the law in force when they were levied and assessed. *Gorley v. Sewell*, 77 Ind. 316.

Reversed and remanded.