Submitted on briefs July 7 on reargument of demurrer to alternative writ. Demurrer overruled July 30, 1926.

## STATE ex rel. PIERCE, Governor, v. HARLEY J. SLUSHER, Sheriff.

(248 Pac. 358.)

**Constitutional Law.**

1. Validity of statute may not be assailed by one whose rights are not affected by operation of statute.

**Constitutional Law.**

2. Sheriff in *mandamus* proceeding to compel collection of income taxes may question validity of income tax laws in so far as he may be affected by enforcing warrants which might prove void.

**Statutes.**

3. Initiative and referendum amendment to Constitution, Art. IV, Section 1, did not lessen power of legislature to enact laws.

**Constitutional Law—In Mandamus to Compel Sheriff to Collect Income Taxes, Question Whether Act is Invalid as "Ex Post Facto" Legislation Held not Involved (Laws of 1925, p. 615).**

4. In *mandamus* to compel sheriff to collect income taxes, question whether act imposing taxes (Laws of 1925, p. 615), is invalid as *"ex post facto"* legislation, is not presented, as *"ex post facto laws"* relate to criminal acts and punishment, and the proceeding in question does not involve enforcement of criminal provisions of statute.

**Statutes.**

5. Statutes will be construed to operate prospectively unless disclosing specific intent to act retrospectively.

**Statutes.**

6. Repeals by implication are not favored.

**Taxation.**

7. Initiative Act (Laws of 1925, p. 9), repealing Income Tax Act (Laws of 1923, p. 410), without reference to unpaid taxes accruing thereunder before repeal and without saving clause, *held* prospective only and not to affect taxes theretofore accruing.

1. See 6 R. C. L. 89.
2. Right of officer to set up unconstitutionality of statute as defense in *mandamus* proceeding, see note in 30 A. L. R. 378. See, also, 6 R. C. L. 92.
3. See 25 R. C. L. 804.
5. See 25 R. C. L. 787.
6. See 25 R. C. L. 918.
Note: For opinion on demurrer to alternative writ, see 117 Or. 498.

Statutes—Legislature Held Empowered to Re-enact Procedure for Collection of Accrued Taxes Repealed by Initiative Act (Laws of 1923, p. 410; Laws of 1925, pp. 9, 615).

8. As Laws of 1925, p. 9, an initiative act, repealing Income Tax Act (Laws of 1923, p. 410), was prospective only, legislature *held* empowered to re-enact procedure for collection of taxes accruing under former act prior to repeal and fact that Laws of 1925, p. 615, purported to reassess tax did not affect validity of assessment.

Statutes.

9. Laws of 1925, p. 615, re-enacting, for purpose of collecting income tax for 1923, Laws of 1923, p. 410, repealed by Laws of 1925, p. 9, *held* not to violate Constitution, Article IV, Section 20, as to titles of acts.

Statutes.

10. That better title might have been written for statute is not ground for holding title invalid, under Constitution, Article IV, Section 20.

Statutes.

11. Under Constitution, Article IV, Section 20, though act may embrace but one subject and all parts be germane, title must express subject in language sufficiently comprehensive to include all provisions, but need not be index of act.

Constitutional Law.

12. Laws of 1925, p. 615, re-enacting Income Tax Act (Laws of 1923, p. 410), for purpose of collecting taxes accruing before its repeal, *held* not invalid as infringement on judicial branch of government.

Constitutional Law.

13. Power of taxation is legislative, and cannot be exercised by executive or judicial branches of government.

Constitutional Law.

14. Under Constitution of Oregon, legislature must determine all questions involving state necessity, discretion, or policy relating to matter of taxation.

Constitutional Law.

15. In *mandamus* to compel sheriff to execute warrants for collection of income taxes issued by State Tax Commission under Laws of 1925, p. 615, sheriff cannot question validity of criminal provisions of statute.

Mandamus—Sheriff on Mandamus to Compel Collection of Income Taxes Held not Entitled to Attack Act Because It Could not be Complied With in Making Returns, Where Delinquent Taxpayers Had Filed Returns Prior to Repeal of Original Law (Laws of 1925, p. 615, Re-enacting Laws of 1923, p. 410, Repealed by Laws of 1925, p. 9).

16. On *mandamus* to compel sheriff to execute warrants for collection, under Laws of 1925, p. 615, re-enacting Income Tax Act

(Laws of 1923, p. 410), of income taxes which accrued prior to repeal by Initiative Act (Laws of 1925, p. 9), sheriff *held* not in position to attack law because it was impossible to comply with its terms in making returns where proper returns had been lawfully made by delinquent taxpayers prior to repeal of original act.

Statutes.

17. Where unconstitutional portion of statute is stricken, that which remains, if complete and capable of execution in accordance with apparent legislative intent, will be sustained.

Statutes.

18. Court will construe laws in accordance with legislative intent.

Taxation.

19. Laws of 1925, p. 9, repealing Income Tax Act (Laws of 1923, p. 410), without saving clause or retroactive provision, *held* not intended to relieve taxpayers of obligations which had theretofore accrued under law which was repealed.

Taxation.

20. Laws of 1925, pp. 236, 615, *held* to furnish ample procedure for collection of delinquent income taxes.

---

Constitutional Law, 12 C. J., p. 760, n. 57, p. 765, n. 88, 91, 92, p. 766, n. 98 New, p. 800, n. 74, p. 801, n. 92, p. 802, n. 94, p. 882, n. 66, p. 887, n. 38, p. 1099, n. 18, p. 1224, n. 21.
Mandamus, 38 C. J., p. 783, n. 40 New.
Statutes, 36 Cyc., p. 942, n. 24 New, p. 976, n. 27, p. 1016, n. 75, p. 1017, n. 77, p. 1028, n. 24, p. 1071, n. 25, p. 1106, n. 29, p. 1205, n. 13, p. 1207, n. 14, p. 1210, n. 51, p. 1225, n. 93, 94.
Taxation, 37 Cyc., p. 715, n. 60, p. 1191, n. 24.

Original proceeding in *mandamus.*

DEMURRER OVERRULED ON REARGUMENT.

For petitioners, *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Miles H. McKey,* Assistant Attorney General.

For defendant, *Mr. Frank P. Leinenweber,* District Attorney, and *Messrs. Norblad & Hesse.*

BROWN, J.—This is a proceeding in *mandamus,* brought to compel Harley J. Slusher, as sheriff of Clatsop County, Oregon, to execute warrants for the

collection of income taxes issued by the State Tax Commission.

That a writ of *mandamus* will issue in a proper case, to compel the sheriff to collect the taxes due under the Income Tax Law, we have heretofore held in this proceeding: *State ex rel.* v. *Slusher,* 117 Or. 498 (244 Pac. 540). The original Income Tax Act was held to be constitutional in *Standard Lumber Co.* v. *Pierce,* 112 Or. 314 (228 Pac. 812). That act was designated Chapter 279, General Laws of Oregon, 1923, and was repealed by the people November 4, 1924, by an initiative law. See General Laws of Oregon, 1925, Chapter 1. The act so repealed was re-enacted by the Legislative Assembly for the purpose of collecting the tax on incomes for the year 1923, and the re-enactment is designated Chapter 316, General Laws of Oregon, 1925. By demurrer to the writ, the defendant challenges the validity of the Income Tax Law as re-enacted.

The relators assert that the defendant sheriff cannot be heard to say that Chapter 316, General Laws of Oregon, 1925, is unconstitutional, for the reason that he is not a proper party to make such objection.

1. That the validity of a statute may not be assailed by one whose rights are not affected by the operation of the statute is familiar law: 12 C. J. 760.

Has the defendant rights that may be prejudiced by his execution of the warrants? There is conflict among the decisions as to whether, in an action in *mandamus* in which an alternative writ has issued, an officer may question the validity of a statute imposing a duty upon him. As illustrating the contrariety of opinion of the courts, we note the following:

In the case of *Smyth* v. *Titcomb,* 31 Me. 272, the Supreme Court of Maine, in language clear and concise, thus announces its holding:

"It does not * * lie with the respondent, as a ministerial officer, to make this objection (that the law is unconstitutional). He is not authorized, or required, to adjudicate the law."

Adhering to the antagonistic view is *State* v. *Clausen,* 65 Wash. 156 (117 Pac. 1101, 37 L. R. A. (N. S.) 466), where the Supreme Court of Washington declared:

"There is no merit in the objection that the officer is without interest in the proceeding."

And, in a case involving the legality of an act of the State Tax Commission, the Supreme Court of North Dakota, in *State* v. *Leech,* 33 N. D. 513 (157 N. W. 492), held that, owing to the unusual circumstances and public interest involved, an officer might question the validity of that act.

In the text of 12 C. J. 765, it is said:

"The better doctrine, supported by an increasing weight of authority, is that a mere subordinate ministerial officer, to whom no injury can result and to whom no violation of duty can be imputed by reason of his complying with a statute, will not be allowed to question its constitutionality; but that the constitutionality of a statute may be questioned by an officer who will, if the statute is unconstitutional, violate his duty under his oath of office, or otherwise render himself liable, by acting under a void statute."

2. If the Income Tax Act is unconstitutional and void as the sheriff asserts, he would not be protected by that law in the event that he seized and sold the property of the alleged delinquent taxpayers. Our highest court has declared that an unconstitutional

law is no law, and that an action will lie against a
state collector for enforcing an illegal tax, or for en-
forcing a legal tax in an illegal manner: *Poindexter*
v. *Greenhow,* 114 U. S. 270 (29 L. Ed. 185, 5 Sup.
Ct. Rep. 903, see, also, Rose's U. S. Notes). In view
of the record, and in the light of the above authority
and others not cited here, we are of opinion that the
sheriff may be permitted to raise the question of the
validity of the act, in so far as he may be affected by
enforcing the warrants involved herein.

The defendant charges that the act is invalid in
that it is contrary to the express will of the people.
In other words, he claims, in effect, that, because the
people repealed the Income Tax Law, the legislature
had no right to re-enact the same.

From the beginning of our state government up to
the present time, the general power of legislation has
resided in the Legislative Assembly. By the initia-
tive and referendum amendment to our Constitution,
the people ordained, in Section 1, Article IV thereof,
that "the legislative authority of the state shall be
vested in a legislative assembly consisting of a senate
and house of representatives," but reserved unto
themselves power to initiate laws or to reject acts of
the Legislative Assembly at the polls.

3. That the amendment to the Constitution provid-
ing for the initiative and referendum did not lessen
the power of the legislature in the matter of enacting
laws, see *Kadderly* v. *Portland,* 44 Or. 118 (74 Pac.
710, 75 Pac. 222); *Kalich* v. *Knapp,* 73 Or. 558 (142
Pac. 594, 145 Pac. 22, Ann. Cas. 1916E, 1051); *Patton*
v. *Withycombe,* 81 Or. 210 (159 Pac. 78). The powers
reserved to the people by the Constitution "took from
the legislature the exclusive right to enact laws, at
the same time leaving it a co-ordinate legislative

body with them." *Straw* v. *Harris,* 54 Or. 424 (103 Pac. 777).

The defendant asserts that the act is invalid "on account of being retroactive, retrospective, and *ex post facto* legislation."

4, 5. *Ex post facto* laws relate to criminal acts and their punishment. For a full exposition of *ex post facto* laws, see the exhaustive opinion of CHASE, J., in *Calder* v. *Bull,* 3 Dall. 386, 390 (1 L. Ed. 648). Of course an *ex post facto* law providing for the punishment of a past act lawful when committed would be unconstitutional. However, no such question presents itself in this case. Nobody is attempting to enforce the criminal provisions of the statute. Retrospective and retroactive statutes also relate to past transactions. A number of the state constitutions inhibit the enactment of certain retrospective legislation, and it is a general rule that, in the absence of any constitutional prohibition relating to retrospective legislation, statutes will be construed to operate prospectively only, unless constrained to the contrary course by language that discloses a clear intent that they shall act retrospectively. That is a rule of statutory construction that applies to laws enacted by the people, as well as to laws enacted by the Legislative Assembly.

6, 7. We have seen that, by an act proposed by initiative petition filed in the office of the Secretary of State July 3, 1924, at a general election held November 4, 1924, the electors repealed Chapter 279, General Laws of Oregon, 1923, known as the Income Tax Act. The repealing act contained no saving clause, nor did it make reference to the unpaid taxes that had accrued thereunder. The tax due under the act accrued seven months prior to its repeal. Under a

cardinal rule or statutory construction, the repealing act should be construed prospectively, not retrospectively. There is no language in the repealing act that indicates an intent upon the part of the people to remit the taxes due from the delinquent taxpayers. Furthermore, repeals by implication are not favored. The effect of the repeal of a tax statute has been stated repeatedly by a pre-eminent authority on taxation as follows:

"The rule favoring a prospective construction of statutes is applicable to statutes which repeal tax laws. Accordingly it is held that, where such a statute is not made retroactive, a tax assessed before the repeal is collectible afterwards; and where taxes are levied under a law which is repealed by a subsequent act, unless it appears clearly that the legislature intended the repeal to work retrospectively, it will be assumed that it intended the taxes to be collected according to the law in force when they were levied." 2 Cooley, Taxation (4 ed.), 538.

See *Smith* v. *Kelly,* 24 Or. 464 (33 Pac. 642); *Alliance Trust Co.* v. *Multnomah County,* 38 Or. 433 (63 Pac. 498). In the latter case the statute contained a saving clause, but it approved the doctrine announced in the former.

As supporting the doctrine that, where a repealing statute is not made retroactive, a tax assessed thereunder before repeal is collectible, see *Oakland* v. *Whipple,* 44 Cal. 303; *The State* v. *Sloss,* 83 Ala. 93 (3 South. 745); *State ex rel. Marion County* v. *Certain Lands,* 40 Ark. 35; *Matter of Miller,* 110 N. Y. 216 (18 N. E. 139); *American Investment Co.* v. *Thayer,* 7 S. D. 72 (63 N. W. 233); *Town of Belvidere* v. *Warren R. R. Co.,* 34 N. J. Law, 193, 195; *Maine* v. *Waterville Savings Bank,* 68 Me. 515; *Union Pac.*

*R. R. Co.* v. *Board of Commissioners,* 217 Fed. 540
(133 C. C. A. 392) (this case was reversed on an-
other point); *Flanigan* v. *Sierra County,* 122 Fed. 24
(58 C. C. A. 340); 2 Lewis' Sutherland, Statutory
Construction (2 ed.), § 645. The opinion of the court
in the case of *Maine* v. *Waltervile Savings Bank,*
*supra,* is especially instructive, and from that opinion
we carve the following forceful language:

"Here, then, there was an existing, vested right in
the state, enforceable by warrant of distress or by
action at law. Here was a sum of money due the
state, which the defendants were legally bound to
pay. * * It is, however, claimed that, by the repeal of
prior legislation on this subject, the state has re-
leased, discharged, or in some way lost its right to
the sum the defendant corporation was previously
bound to pay. Is such the case? The act of 1877,
c. 218, is entirely prospective in its operation. It re-
peals existing law, but it does not repeal or annihi-
late existing and vested rights."

The court then quotes with approval from FIELD,
J., in the case of *Steamship Co.* v. *Joliffe,* 2 Wall.
450 (17 L. Ed. 805, see, also, Rose's U. S. Notes),
to the effect that a claim arising under a statute that
has been repealed "becomes a vested right, which
stands independent of the statute," and from *Belvi-*
*dere* v. *Warren R. R. Co., supra,* relating to the effect
of the repeal of a tax statute, in language following:

"The consequence is that, even on the most strin-
gent application of the rule as claimed, a repeal of
the statute cannot invalidate a (tax) proceeding that
was fully perfected while such statute continued in
force."

We believe this to be sound reasoning.

In *Judkins* v. *Taffe,* 21 Or. 89 (27 Pac. 221), our
own court announced the doctrine that, if possible,

laws which prejudicially affect vested rights or the legal character of past transactions should be given a prospective, rather than a retroactive, construction, and, in its decision, adopted the following from Mr. Justice Clifford in *Twenty Per Cent Cases,* 20 Wall. 187 (22 L. Ed. 339):

"Courts of justice agree that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action, or vested rights, unless the intention that it shall so operate is expressly declared or is to be necessarily implied, and that pursuant to that rule courts will apply new statutes only to future cases, unless there is something in the nature of the case or in the language of the new provision which shows that they were intended to have a retroactive operation."

However, the court, continuing, said:

"Statutes which relate to the mode of procedure and affect only the remedy and do not impair the obligation of contracts or vested rights, are valid, and it is no objection to them that they are retroactive in their operation."

8. The re-enactment of procedure for the collection of a valid tax is clearly within the competency of legislative power. The fact that the Legislative Assembly reassessed the tax upon the individual taxpayers did not affect the validity of the assessment one way or the other. The tax assessed by the legislature was the same tax previously assessed under the Income Tax Law prior to its repeal. The reassessment of a valid tax could not prejudice the lawful rights of the taxpayer. That, in this state, it is competent for the Legislative Assembly to validate taxation or assessment proceedings, see *Nottage* v. *City of Portland,* 35 Or. 539 (58 Pac. 883, 76 Am. St. Rep. 513); *Phipps*

v. *Medford,* 81 Or. 119 (156 Pac. 787, 158 Pac. 666);
*Wagoner* v. *LaGrande,* 89 Or. 192 (173 Pac. 305);
*Brown* v. *Silverton,* 97 Or. 441 (190 Pac. 971); *Spencer* v. *Merchant,* 100 N. Y. 585 (3 N. E. 682); Id., 125
U. S. 345 (31 L. Ed. 763, 8 Sup. Ct. Rep. 921, see,
also, Rose's U. S. Notes).

In the standard text-books on taxation are found
many instances of statutes curing irregularities in
taxation, of acts reassessing property, and of laws
reaching backward and assessing omitted property:
*Galusha* v. *Wendt,* 114 Iowa, 597 (87 N. W. 512), and
authorities there cited; *Sturges* v. *Carter,* 114 U. S.
511 (29 L. Ed. 240, 5 Sup. Ct. Rep. 1014, see, also,
Rose's U. S. Notes).

9–11. The defendant questions the validity of the
act as violating the provisions of Section 20, Article
IV, of the Constitution, reading:

"Every act shall embrace but one subject, and
matters properly connected therewith, which subject
shall be expressed in the title. * * *"

The matter of the sufficiency of the title of legislative acts has been before this court many times, and
volumes have been written upon this subject. See
the cases on pages 115, 116, and 117 of our Code,
and many subsequent cases in our reports. To entertain the notion that a better title might have been
written is not sufficient reason for holding a title invalid. The subject of the act must be expressed in
the title. It is not enough that the act embraces but
one subject, and that all of its parts are germane, but
the title of the act must express the subject in language sufficiently comprehensive to include all the
provisions in the body of the act. However, the title

need not be an index of the act. Its primary purpose is to inform the lawmakers relative to the proposed legislation. It is not likely that there was a single member of the legislature who did not know from the title of the act the nature of the bill pending in the Legislative Assembly. See *State* v. *Shaw,* 22 Or. 287 (29 Pac. 1028); *Peterson* v. *Lewis,* 78 Or. 641 (154 Pac. 101); *Calder* v. *Orr,* 105 Or. 223 (209 Pac. 479).

12. The defendant charges that the act is invalid for the alleged reason that it is an infringement upon the judicial branch of the government. This is a frequent contention in tax cases. In *Murray's Lessee* v. *Hoboken Land and Improvement Co.,* 18 How. 272 (15 L. Ed. 372, see, also, Rose's U. S. Notes), the subject of due process of law in the collection of public revenues was critically examined. That case is valuable in showing that summary proceedings without the formal process of trial and judgment may be within the meaning of the phrase "due process of law." Similar proceedings are upheld by the following language:

"There are few governments which do or can permit their claims for public taxes, either on the citizen or the officer employed for their collection or disbursement, to become subjects of judicial controversy, according to the course of the law of the land. Imperative necessity has forced a distinction between such claims and all others, which has sometimes been carried out by summary methods of proceeding, and sometimes by systems of fines and penalties, but always in some way observed and yielded to."

See 26 R. C. L., § 305, "Taxation."

13. The power of taxation is an inherent attribute of sovereignty and is a legislative power that cannot

be exercised by the executive or the judicial branch of the government: 1 Cooley, Taxation (4 ed.), §§ 57, 63.

14. The sheriff asserts that the act is invalid as constituting legislative confiscation and "making constructive criminals out of the people." Under the Constitution of our state, the legislature must determine all questions involving state necessity, discretion, or policy relating to the matter of taxation.

"The legislature makes, the executive executes, and the judiciary construes the laws." 1 Cooley, Taxation (4 ed.), § 66.

15, 16. However, the sheriff is not in a position to question the validity of the criminal provisions of the statute, because his assistance has not been invoked to enforce such provisions.

He again asserts that the act is unconstitutional because it is not possible to comply with its terms in making returns of the income tax ending on December 31, 1923. Now, according to the record before us, the delinquent taxpayers had already filed their returns long prior to the repeal of the original law. The proper returns having been lawfully made, the sheriff is not in a position to take advantage of that defect in the present law, if it is a defect.

17. Recurring to the criminal provisions of the act, it is a well-established principle of statutory construction that, when an unconstitutional portion of an enactment is stricken out, that which remains, if complete in itself and capable of being executed in accordance with the apparent legislative intent, must be sustained: 26 Am. & Eng. Ency. of Law (2 ed.), 570.

18, 19. Finally, the several income taxes involved herein were neither canceled nor discharged by the

repeal of the statute under which they were assessed. Payment alone satisfies such an obligation, and until that obligation is discharged, the state may proceed by all proper means to compel the payment thereof. It is our duty to construe laws in accordance with the legislative intent. We do not believe that the electors of Oregon who enacted the law that repealed the Income Tax Law intended to discriminate against those who had paid their income tax in accordance with the law and in favor of those who were delinquent in the discharge of their statutory obligations. The obligations due from the taxpayers named in the warrants rest upon the following facts: First, that the taxes accruing under Chapter 279, General Laws of Oregon 1923, constituted a valid existing assessment, and, second, that the representatives of the people enacted the legislative tax whereby they reassessed the same tax and provided a procedure for the collection thereof. The execution of the tax warrants by the sheriff will not take away from the taxpayer, nor will it impair, any vested right acquired under existing laws. Neither will it create new obligations, impose new duties, or attach new disabilities, in respect to transactions or considerations already past: *Ex parte Buckley,* 53 Ala. 54.

20. We are not called upon in this proceeding to determine the amount due upon the several tax warrants issued to the sheriff. However, with respect to the matter of the penalty on each sum due, we direct attention to the cases of *Galusha* v. *Wendt, supra,* and *Belvidere* v. *Warren R. R. Co., supra.* By this opinion we hold that the legislature has provided ample procedure for the collection of the delinquent

taxes involved herein: General Laws of Oregon, 1925, Chapters 160, 316.

The demurrer should be overruled. It is so ordered.                           Demurrer Overruled.

Rand and Coshow, JJ., did not participate in this decision.