J. M. LEE, State Comptroller, v. STATE *ex rel.* WALGREEN DRUG COMPANY

195 So. 166
Division A
Opinion Filed April 2, 1940
Rehearing Denied April 13, 1940

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Appellant;

*Emmet C. Choate* and *H. O. Pemberton,* for Appellee.

TERRELL, C. J.—On July 1, 1938, Appellee secured a license from appellant as provided by Class 4, Subdivision A, Section 4, Chapter 16848, Acts of 1935, to operate ten retail stores, the price exacted being $200 each store.

October 1, 1938, appellee opened an additional store, making eleven stores and bringing his business within' Class 5, Subdivision A, Section 4 of the same Act. When the eleventh store was opened, appellee remitted to appellant the sum of $300.50, as license tax for operating said store. In February, 1939, appellee opened a twelfth store and applied to appellant for a half-year license remitting with his application the sum of $150.50 in payment thereof. In both the latter cases, appellant issued a permit to operate but refused to issue the license requested because of the alleged inadequacy of the amount remitted.

Alternative writ of mandamus was directed to appellant as respondent commanding him to issue the license on the basis requested or show cause why he refused to do so. A motion to quash the alternative writ was denied, peremptory writ was awarded and this writ of error was prosecuted.

The question for determination may be stated as follows: When the operator of a chain of stores secures a license under Class 4, Sublivision' A, Section 4, Chapter 16848, Acts of 1935, and later in' the license year opens two more stores, the effect of which is to move him into Class 5, Subdivision A, Section 4, of the same Act, should the license to operate the new stores be prorated under Class 5 or

must he secure a new license for all his stores under that class?

Chapter 16848, Acts of 1935, imposes a license tax for the privilege of engaging in the chain store business but the issuance of the license creates no contract right. The tax is graduated according to the number of stores operated. If an operator has not less than six nor more than ten stores, he falls under Class 4, Subdivision A, of Section 4 of the Act, and pays a tax of $200 per store, while if he operates more than ten stores and not exceeding fifteen, he falls in Class 5, same subdivision, and pays a tax of $300 per store. The classification therefore governs the rate of taxation so we are driven to the conclusion that when an operator moves from one class into another, he is subject to the rate imposed for operating in the latter class.

Under Chapter 16848, Acts of 1936, the license year begins on July 1. When relator opened his twelfth store in February, more than half the license year had expired. He did not move into a different class and in equity should be permitted to pay his license for operating the twelfth store on the basis of one-half year, but Chapter 16848 makes no provision for fractional licenses as some other license laws do. It is the controlling law on the question and we are not authorized to change it.

Reversed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.