J. M. LEE, as Comptroller of the State of Florida, and D. C. COLEMAN, as Sheriff of Dade County, Florida, v. WAL-GREEN DRUG STORES COMPANY, a corporation.

10 So. (2nd) 314 Division A
October 30, 1942

J. Tom Watson, Attorney General, Lawrence A. Truett, Assistant Attorney General, Tiffany Turnbull, Special Assistant Attorney General, J. Velma Keen, Wm. P. Allen, A. Frank O'Kelley, Jr., for appellants.

Emett C. Choate, for appellee.

BUFORD, J.:

From final decree enjoining the Comptroller of Florida and the Sheriff of Dade County from proceeding with a sale of plaintiff's property to enforce the payment of a tax sought to be enforced under the provisions of Chapter 16848, Acts of 1935, defendants appeal.

In the case of Lee v. State ex rel. Walgreen Drug Co., 142 Fla. 534, 195 So. 166, the same tax involved which is the subject of this suit and in that case we said:

"The question for determination may be stated as follows: When the operator of a chain of stores secures a license under Class 4, Subdivision A, Section 4, Chapter 16848, Acts of 1935, and later in the license year opens two more stores, the effect of which is to move him into Class 5, Subdivision A, Section 4, of the same Act, should the license to operate the new stores be prorated under Class 5 or must he secure a new license for all his stores under that class?

"Chapter 16848, Acts of 1935, imposes a license tax for the privilege of engaging in the chain store business but the issuance of the license creates no contract right. The tax is graduated according to the number of stores operated. If an operator has not less than Six more than ten stores, he falls under Class 4, Subdivision A of Section 4 of the Act, and pays a tax of $200 per store, while if he operates more than ten stores and not exceeding fifteen, he falls in Class 5, same subdivision, and pays a tax of $300 per store. The classification therefore governs the rate of taxation so we are driven to the conclusion that when an operator moves from one class into another, he is

subject to the rate imposed for operating in the latter class.

Under Chapter 16848, Acts of 1936, the license year begins on July 1. When relator opened his twelfth store in February, more than half the license year had expired. He did not move into a different class and in equity should be permitted to pay his license for operating the twelfth store on the basis of one-half year but Chapter 16848 makes no provision for fractional licenses as some other license laws do. It is the controlling law on the question and we are not authorized to change it."

So we definitely held that when a chain store operator having paid the license due as an operator under Class 4, Subdivision A, of the Acts as of July 1st, and thereafter during the current tax year opened additional stores which placed him in Class 5 of the same Subdivision of the Act, such operator would then be required to pay the additional tax necessary to qualify him to operate all of his stores in Class 5. In other words, his tax when he operates in Class 5 is $300 per store and, having paid the tax of $200 per store as an operator of ten stores in Class 4, he was required to pay an additional $100 per store on those ten stores and $300 per store on the additional stores, to qualify him as an operator then in Class 5.

There is no ambiguity or uncertainty in the Act.

It specifically requires an operator falling in Class 4 to pay $200 per store and if he by reason of increasing his chain, enters Class 5 he must then pay the tax as fixed for that Class, taking credit for the amount which he had paid as an operator in Class 4.

The Act reads: "for the privilege of continuing in or engaging in the business of a retailer as defined in

this Act, there is hereby imposed upon every person, firm, corporation, association or copartnership, trust or joint stock company, and any firm however organized or whatever be the plan or operation, shall under the terms of this Act be required to obtain a permit or license to operate a store in this State, a tax which shall be equal to the amount due under the provisions of Subdivision A, and the amount due under the provisions of Subdivision B of Section 4 of this Act;"

The construction is not requiring the payment of a retroactive tax. The statute does not provide for the payment of a tax for a fraction of a year. If the operator had engaged in the chain store business in January, 1939, with a chain of ten stores he would have been required to pay $200 on each store in the chain. When he had ten stores on July 1, 1938, his tax was computed under Class 4 but when the advantages of a larger chain accrued to each of the ten stores, by reason of the increase in number, then he was required to qualify in the higher class. He operated either in Class 4 or Class 5 and could not operate under the terms of the Act partly in one Class and partly in another class. His classification was governed entirely by the total number of stores which he operated.

We recognize the rule to be, in construing tax statutes, that where the Act is so drawn that the legislative intent is in doubt it becomes the duty of courts to resolve that doubt in favor of the taxpayer and against the State. But, that rule does not apply here because there is no room for doubt as to the legislative intent. The above stated rule also applies to statutes which are penal in their nature. Such statutes must always be construed strictly and are

never to be extended by implication. While the legislative Act here under consideration carries some penal provisions, no such provisions are involved in this case; nor do they obtain in that part of the statute which is here under consideration.

Appellee has cited the case of Read Drug & Chemical Co. v. Clapoole, 165 Md. 250, 166 Atl. 742. We have carefully considered that case and our conclusion is that it is not at all in point.

It is contended by appellee, although the question was not raised in the lower court, that Chapter 19165, Acts of 1939, precludes the Comptroller from claiming the right to collect the additional license tax here involved on the original ten stores for the license year 1938-1939, in which the two additional stores were opened. The provisions of that Act are not applicable here because the record shows that the Comptroller has not for two or more consecutive years received the taxes and fees tendered by the appellee for the operation of chain stores under Class 5 of Subdivision A of Chapter 16848.

The record shows that as soon as appellee took its status under Class 5 of the Act the Comptroller demanded the tax payable by it under the Act and has since that time continued in the effort to collect that tax.

It also contended that by Chapter 20977, Acts of 1941, Chapter 16848 was repealed and that, therefore, the Comptroller had no power to enforce the collection of the tax under Chapter 16848 after the effective date of the repealing Act. If the effort here was to enforce a penalty, there might be some merit in the contention, but here the effort is to collect an excise tax which accrued in favor of the State and there is

nothing in the repealing Act which indicated that it was the legislative intent to deprive the State of the power to collect the tax which had theretofore accrued under the statute.

It is generally held that statutes in force at the time the tax is levied continue in force for its collection, notwithstanding the amendment or repeal of the taxing statute. See City of Indianapolis v. Morris, 25 Ind. Appeals 409, 58 N.E. 510; Leonard v. Indianapolis, 9 Ind. Appeals 292, 36 N.E. 725; Oakland v. Whipple, 44 Cal. 303; Cooley on Taxation, 3rd Ed. 499. State v. Sloss, 83 Ala. 93, 3 So. 745; Hooper v. State, 141 Ala. 111, 37 So. 662.

For the reasons stated, the decree is reversed and the cause remanded with directions that the bill of complaint is dismissed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.