104 So.2d 570 (1958)
HOTEL AND RESTAURANT COMMISSION, an agency of Florida, et al., Appellants,
v.
SUNNY SEAS NO. ONE, Inc., a Florida corporation, et al., Appellees.
Supreme Court of Florida.
August 1, 1958.
Richard W. Ervin, Atty. Gen., and John C. Reed, Asst. Atty. Gen., for appellants.
Sibley, Grusmark, Barkdull & King and Milton E. Grusmark, Miami Beach, for appellees.
ROBERTS, Justice.
This is an appeal from a decree of the trial court dismissing the appellants' complaint to enjoin the appellees from operating the Seabrook Hotel and Apartments upon the ground that the appellees were wrongfully operating the same in violation of the automatic suspension provisions of § 561.291, Fla. Stat. 1955, F.S.A.
As shown by the complaint, all telephone service being rendered over the main switchboard facility of the appellees' hotel was *571 discontinued by the telephone company, and the switchboard disconnected, as required by § 365.08, Fla. Stat. 1955, F.S.A. following a written notification from the Attorney General that this telephone facility had been used in violation of gambling laws of this state. It is conceded that other telephone facilities on the premises were not ordered to be disconnected by the Attorney General and remain in operation.
The Chancellor was of the opinion that the automatic suspension provisions of § 561.291 were not activated unless the hotel had been deprived of all communication facilities pursuant to § 365.08, Fla. Stat. 1955, F.S.A., because of the illegal use thereof for bookmaking or other gambling and dismissed the complaint. We agree.
Section 561.291 provides that
"Whenever the telephone, telegraph or any other communication facility or service furnished by a public utility to any place or installed on the premises of any place * * * has been duly and legally removed or terminated by operation of a state law having for its purpose the prohibiting of bookmaking or other gambling, * * * the license or licenses shall be automatically and immediately suspended during the time the communication facilities are denied such places or premises."
The statute in question, providing for the automatic suspension of the appellees' hotel license, and its companion statute, § 365.08, providing for the removal, without a hearing, of the appellees' telephone facilities, obviously impose a severe penalty upon hotel owners who, whether knowingly or inadvertently, allow the communication facilities in their hostelry to be used for bookmaking or other gambling purposes. See Peters v. Southern Bell Tel. & Tel. Co., Fla. 1954, 70 So.2d 547. The statute itself indicates its penal nature, providing as it does in subsection (3) thereof that "[t]he penalties herein imposed shall be in addition to any other penalties." And it is well settled that statutes imposing a penalty must always be construed strictly in favor of the one against whom the penalty is imposed and are never to be extended by construction. See Lee v. Walgreen Drug Stores Co., 1942, 151 Fla. 648, 10 So.2d 314; Lollie v. General American Tank Storage Terminals, 1948, 160 Fla. 208, 34 So.2d 306.
The fact that the Legislature indicated in subsection (2) of § 561.291 that the statute should be liberally construed to effectuate its public purpose cannot prevail over a principle of law as firmly established in our jurisprudence as that referred to above. The language of Mr. Chief Justice Marshall in United States v. Wiltberger, 5 Wheat. 76, 95-96, 5 L.Ed. 37, while referring to criminal penalties, is equally applicable to statutes imposing a civil penalty:
"The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment."
In view of our duty to give the statute a strict construction, it must therefore be held that § 561.291, supra, is activated only if and when all telephone communications have been removed from the hotel. Stated differently, the hotel must have become an "island" with all telephonic communications with the outside world cut off, in order to effect an automatic suspension of its license. The admitted facts here are that there has not been a severance of all communication; therefore, the automatic suspension provision of § 561.291 was not activated.
This holding is without prejudice to the right of the Hotel Commission to pursue the less drastic procedure afforded by § 509.261, Fla. Stat. 1957, F.S.A. for the suspension or revocation of appellees' hotel *572 license, predicated upon formal charges, notice and a hearing.
This opinion is not to be construed as an adoption of the reasons given by the Chancellor for his decree dismissing the complaint in the instant case, since this court is not required to approve the theory upon which a ruling is made if it is otherwise correct; and we do not at this time pass upon the soundness of his theory. We hold, only, that the application of the rule of strict construction to the statute in question justifies the decree here reviewed.
For the reasons stated the decree here reviewed should be and it is hereby
Affirmed.
TERRELL, C.J., and THOMAS, HOBSON and DREW, JJ., concur.