Ms. Julie A.S. Williamson Chairman Code Enforcement Board Miami Shores Village 10050 N.E. Second Avenue Miami Shores, Florida 33138
Dear Ms. Williamson:
This is in response to your request for an opinion concerning various duties and responsibilities of a local government code enforcement board created pursuant to Ch. 162, F.S. Your questions are substantially as follows:
 1. MAY A LOCAL GOVERNMENT CODE ENFORCEMENT BOARD TAKE ACTION ON THE AFFIRMATIVE VOTE OF THREE MEMBERS OF THE BOARD WHERE ONLY FOUR MEMBERS OF THE BOARD ARE PRESENT AND VOTING?
 2. IN THE CASE OF AN INTERMITTENT CODE VIOLATION, WHAT AUTHORITY DOES A LOCAL GOVERNMENT CODE ENFORCEMENT BOARD HAVE TO PROVIDE THAT:
 A. A FINE SHALL BE ASSESSED FOR EACH DAY THAT A CODE INSPECTOR OBSERVES NONCOMPLIANCE, EVEN THOUGH COMPLIANCE MAY BE OBSERVED ON OTHER DAYS?
 B. UPON FUTURE DETERMINATION BY A CODE INSPECTOR THAT A VIOLATION EXISTS, NOTICE SHALL BE GIVEN TO THE VIOLATOR BY POSTING ON PROPERTY OR BY CERTIFIED MAIL THAT THE VIOLATION IS PRESUMED TO CONTINUE UNTIL PROOF IS GIVEN TO THE CODE INSPECTOR THAT THE VIOLATION HAS CEASED?
 C. A FINE SHALL BE ASSESSED IN THE EVENT OF FUTURE NONCOMPLIANCE, EVEN THOUGH AT THE TIME OF SUCH PROVISION BY THE BOARD THE VIOLATOR HAS COME INTO COMPLIANCE?
 3 MAY A LOCAL GOVERNMENT CODE ENFORCEMENT BOARD REQUIRE COMMUNITY SERVICE RATHER THAN PAYMENT OF A MONETARY FINE AS A METHOD OF ASSURING CONTINUED COMPLIANCE?
 4. WHAT FLEXIBILITY DOES A LOCAL GOVERNMENT CODE ENFORCEMENT BOARD HAVE UNDER CH. 162, F.S., IN ASSESSING ONE FINE FOR NONCOMPLIANCE DURING A BRIEF PERIOD AFTER THE ORDER IS GIVEN, AND THEN NO FINE OR A LESSER FINE FOR ANOTHER PERIOD OF TIME?
 5. WHERE A PERSON IS FOUND TO HAVE BEEN IN VIOLATION, BUT TO HAVE CORRECTED THE VIOLATION BY THE TIME OF THE HEARING OF THE LOCAL GOVERNMENT CODE ENFORCEMENT BOARD, MAY A FINE OR AN ADMINISTRATIVE FEE BE ASSESSED FOR THE PAST VIOLATION?
 QUESTION ONE
You ask first whether a local government code enforcement board may take action on the affirmative vote of three members of the board where only four members of the board are present and voting. Section 162.05(3), F.S., provides that `[t]he presence of four or more members shall constitute a quorum of the enforcement board.' Pursuant to s 162.07(4), F.S., findings of the board shall be by motion approved by a majority of those members present and voting, provided that four members of the board must vote for the action to be official. Where a statute contains plain and simple English, its literal meaning should be applied or given effect. State v. Egan, 287 So.2d 1, 4 (Fla. 1973). The statutory provisions make no mention of requiring a majority vote of all the members of the board, nor does the statute require that at least four members must vote affirmatively for action to be official. Compare, s 163.230, F.S., requiring `[t]he concurring vote of a majority of all the members' of a town's board of adjustment in order for certain actions to be taken; AGO 83-82. Since four members of a local government code enforcement board are sufficient to constitute a quorum for the purpose of transacting business pursuant to s 162.05(3), and since s 162.07(4) provides that action of the board with respect to issuance of findings and orders shall be by motion approved by a majority of those present and voting, provided that at least four members of the board vote for such action to be official, a local government code enforcement board may take action on the affirmative vote of three members of the board where only four members of the board are present and voting. Cf., AGO 74-160.
QUESTIONS TWO, THREE, FOUR AND FIVE
Your remaining questions all relate to the authority of local government code enforcement boards to take certain actions or to delegate to a code inspector authority to take certain actions with respect to the assessment of fines or the manner of enforcement of provisions of applicable codes. Accordingly, your second, third, fourth and fifth questions will be answered together.
Basic to each of your questions is the fact that the enactment of Ch. 162, F.S., was necessary to create administrative enforcement procedures with respect to violations of technical codes and to authorize local governing bodies to impose administrative fines in light of the provisions of s 1, Art. V, and s 18, Art. I, State Const., which provide respectively that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their office, and that no administrative agency shall impose a sentence of imprisonment nor shall it impose any other penalty except as provided by law. See, AGO's 85-17 and 84-55. See also, AGO 84-51 (ordinance of noncharter county not a law) and AGO 84-39 (municipal ordinance not a law). A local government or its governing body derives no delegated authority from Ch. 162 to enforce its codes in any manner other than as provided in that chapter. Attorney General Opinion 84-55.
The authority of a local government code enforcement board with respect to an intermittent code violation is set forth at s162.06(1), F.S., providing that it is the duty of the codeinspector, not a board member, to initiate enforcement proceedings. Pursuant to s 162.06(2), F.S., if a code violation is found, the code inspector shall notify the violator, giving a reasonable time to correct the violation, unless the exception in s 162.06(3), F.S., relating to violations which present a serious threat to public health, safety and welfare, is applicable. The code inspector shall notify the enforcement board and request a hearing only if the violation continues beyond the time specified for correction. Section 162.06(2). The enforcement board has the power to issue orders having the force of law to command whatever steps are necessary to bring a violation into compliance after the hearing contemplated by s 162.07, F.S. See, s 162.08(5), F.S. Andsee, s 162.07(4), F.S., stating in part that at the conclusion of the hearing, the enforcement board shall issue findings of fact, based on evidence of record and conclusions of law, and shall issue an order affording the proper relief consistent with thepowers granted therein.
The only provision of Ch. 162, F.S., authorizing the levy of a fine by a code enforcement board is s 162.09, F.S., which provides that, upon notification by the code inspector that a previous order of the board has not been complied with by the date set in such order, the board may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance. A local government code enforcement board has not been delegated the authority under Ch. 162 to issue any order if a violation has been brought into compliance at the time of the board's hearing. See, AGO 85-17, concluding that a municipal code enforcement board may not levy a fine against a person for a code violation where the property is brought into compliance before the case is presented to the board, nor may a fine be imposed based solely on a finding that a violation has occurred and before the board has actually ordered compliance or the compliance period in such order has expired. Moreover, no provisions of Ch. 162 authorize a local government code enforcement board or a code inspector to establish any presumptions as to a `continuing violation' or authorize the board to delegate to a code inspector any power to determine that a fine shall be assessed for future noncompliance after an order of the board to bring the property into compliance has been obeyed by the violator.
Thus, in the case of the type of intermittent violation your inquiry contemplates, I find no authority in Ch. 162 for the code inspector or the local government code enforcement board to proceed in any manner other than the initiation of proceedings to enforce an applicable code pursuant to s 162.06, F.S., the holding of a hearing and entry of appropriate orders by the code enforcement board pursuant to ss 162.07 and 162.08, F.S., and the assessment of a fine pursuant to s 162.09, F.S., upon notification by the code inspector that a previous order of the board has not been complied with by the date set in such order.
Your question as to the authority for a local government code enforcement board to require community service rather than payment of a monetary fine as a method of assuring continued compliance is answered by reference to s 162.09, F.S., and the provisions of s 18, Art. I, State Const., prohibiting an administrative agency from imposing a sentence of imprisonment or any other penalty except as provided by law. The only provision of law which authorizes a local government code enforcement board to impose any penalty is s 162.09 under which such a board `may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance.' In the absence of any provision of law authorizing a local government code enforcement board to impose a penalty other than the fine provided for in s 162.09, such a board may not require a violator to perform community service in lieu of ordering payment of the monetary fine prescribed by s 162.09 as a method of assuring continued compliance with applicable codes. See, AGO's 85-17 and 84-55. See also, Ideal Farms Drainage Dist. v. Certain Lands,19 So.2d 234 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Thayer v. State, 335 So.2d 815 (Fla. 1976) (express statutory mention of certain things is implied exclusion of things not mentioned).
Your fourth question concerns what flexibility a local government code enforcement board has under Ch. 162, F.S., in assessing one fine for noncompliance during a brief period after the order is given, and then no fine or a lesser fine for another period of time. Because s 162.09, F.S., which provides the only authority for the imposition of any penalty by such a board, specifically states that a local government code enforcement board `may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance' (e.s.) where the code inspector has notified the board that a previous order to correct a code violation has not been complied with, I am unable to conclude that such a board has any flexibility with regard to assessing a fine in a variable amount. In the absence of legislative or judicial clarification, it would appear that the term `a fine' refers to a single fine and affords no flexibility to a local government code enforcement board to enter an order which provides for the automatic increase or decrease of the amount of such fine dependent on any contingencies such as the time a violator takes to correct a code violation. Moreover, s162.09 specifies a pecuniary penalty to redress an injury which affects the public and, as such, is penal in nature and must be strictly construed and limited to cases clearly within the language used. See, Atlantic Coast Line R. Co. v. State,74 So. 595 (Fla. 1917); Snowden v. Brown, 53 So. 548 (Fla. 1910). Penal statutes should not be extended by implication or construction further than their terms reasonably justify. Florida Industrial Commission v. Manpower, Inc. of Miami, 91 So.2d 197 (Fla. 1956); Lee v. Walgreen Drug Stores Co., 10 So.2d 314 (Fla. 1942); Rogers v. Cunningham, 158 So. 430 (Fla. 1934).
Your final question relates to the authority of a local government code enforcement board to assess a fine or an administrative fee where a person is found to have been in violation of an applicable code but has corrected the violation by the time the enforcement board holds a hearing. In the absence of any provision of Ch. 162 authorizing the board to assess such a fine or impose such an administrative fee, I am compelled to conclude that such enforcement boards have no authority to assess any fine or administrative fee for a violation which has been corrected by the time of hearing on the violation. See, AGO 85-17 (municipal code enforcement board may not levy a fine against a person who is cited by a municipality for a code violation but who brings the property into compliance before the case is presented to the board). And see, AGO 84-55 (county or municipality has no home rule power to require by ordinance that a local code enforcement board impose an administrative charge or fee on individuals, businesses or other entities found guilty by the board of violation of an applicable code). See also, s 162.09, F.S.; s 18, Art. I, State Const. (administrative agency may impose only such penalties as are provided by law).
In summary, then, unless and until legislatively or judicially determined otherwise, I am of the opinion that:
 (1) A local government code enforcement board may take action on the affirmative vote of three members of the board where only four members of the board are present and voting.
 (2) A local government code enforcement board has no authority to take action with respect to an intermittent code violation unless the code inspector initiates proceedings pursuant to s 162.06, F.S., and the board determines at a hearing pursuant to s 162.07, F.S., that such violation has not been brought into compliance at the time of the hearing; moreover, a local government code enforcement board has no authority to delegate the power to assess a fine for noncompliance to a code inspector nor to establish any presumptions relative thereto and may levy a fine against a violator only pursuant to the provisions of s 162.09, F.S., authorizing a local government code enforcement board to impose a fine for each day the violation continues past the date set for compliance only where a previous order of the board has not been complied with.
 (3) In the absence of any provision of law authorizing a local government code enforcement board to impose a penalty other than the fine provided for in s 162.09, F.S., such a board may not require community service rather than payment of the monetary fine prescribed by s 162.09 as a method of assuring continued compliance with applicable codes.
 (4) A local government code enforcement board has no flexibility to assess one fine for noncompliance during a brief period after the order is given, and then no fine or alesser fine for another period of time.
 (5) A local government code enforcement board has no authority to assess any fine or administrative fee for a violation which has been corrected by the time of the hearing of the board.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General