## STATE OF FLORIDA v ANDINO

## Case No. 86-316 AC (County Case No. 86-5717Z)

Eleventh Judicial Circuit, Appellate Division, Dade County

July 14, 1987

### APPEARANCES OF COUNSEL

, **Robert A. Butterworth,** Attorney General, and **Nancy C. Wear,** Assistant Attorney General, for appellant.

**Bennett H. Brummer,** Public Defender, and **Howard K. Blumberg,** Assistant Public Defender, for appellee.

Before TENDRICH, SHAPIRO, KORNBLUM, JJ.

## OPINION OF THE COURT

SHAPIRO, Judge.

Appellant seeks review of a County Court Order which granted Appellee's Motion for Discharge on speed trial grounds. For the reasons set forth herein, we affirm the trial court's order.

Appellee was charged with five counts of making obscene or harassing telephone calls. On July 23, 1986, he demanded speedy trial pursuant to Rule 3.191, Fla.R.Cr.P. Appellee moved for discharge on September 18, 1986, asserting that a misdemeanant defendant must be brought to trial on demand within 50 days of the demand. The State argued that the applicable rule permitted trial within 60 days after demand. The trial Court agreed with Appellee and granted the motion to discharge.

There appears to be a conflict in the language of amended Rule 3.191. Section (a)(2) provides, as follows:

Except as otherwise provided by this Rule and subject to the limitations imposed under (b)(1) and (c), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court having jurisdiction and serving upon the state attorney a Demand for Speedy Trial.

(1.) No later than five days from the filing of a Demand for Speedy Trial, the court shall hold a calendar call, with notice to all parties, for the express purposes of announcing, in open court, receipt of the Demand and of setting the case for trial.

(2.) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the calendar call.

. . . . . . . . . . .

(4.) In the event that the defendant shall not have been brought to trial within 50 days of the filing of the Demand, the defendant shall have the right of the appropriate remedy as set forth in section (i) below.

Section 3.191(i)(2) provides:

In the case of a defendant charged with a misdemeanor, the defendant shall, upon motion timely made with the court at the expiration of the prescribed time period, be forever discharged from the crime.

Where there is an ambiguity in a penal act so that legislative intent may be in doubt, the courts must resolve that doubt in favor of the person the State seeks to penalize or imprison. *Lee v. Walgreen Drug*

*Stores Co.*, 10 So.2d 314 (Fla. 1942). Since Rule 3.191(a)(4) appears to require discharge after 50 days, our ruling must be governed by this period.

Based on the foregoing, the Order for Discharge entered by the trial court after the fiftieth day is affirmed.

Tendrich and Kornblum, JJ., concur.