## STATE OF FLORIDA v KILTS

## Case No. 87-0001Ac (County Court Case No. 86-1993MM10)

Seventeenth Judicial Circuit, Broward County

August 20, 1987

### APPEARANCES OF COUNSEL

**Steven Michaelson** for appellee.

**Carol DeGraffenreidt** for appellant.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of an order entered by the lower court discharging the Appellee from the pending above-cited Information accusing him of Resisting Arrest Without Violence, Driving Under the Influence and Failure to Give Information after Accident.

Appellee's counsel had filed a Demand for Speedy Trial pursuant to Rule 3.191(a)(2) of the F.R.Crim.P. on November 6, 1986. On December 29, 1986 the date set for trial, fifty-three (53) days after the filing of the speedy trial demand, Appellee filed an *ore tenus* Motion for Discharge pursuant to Rule 3.191(a)(2)(4) and (i)(2). The sole issue for resolution is whether the Appellee must be brought to trial within fifty (50) or sixty (60) days from the filing of his Demand for Speedy Trial.

This Court has diligently researched the relevant provisions of Rule 3.191 and has not uncovered any judicial decisions construing these sections. However, the decision of the lower court entering the discharge will be affirmed based upon the legislative committee notes accompanying the 1984 Amendment to the speedy trial rule. Section (i) of Rule 3.191 by that amendment repealed for felony offenses what was previously characterized as "the automatic discharge rule" as the remedy for a defendant who was not afforded a speedy trial upon demand. It is significant that the language of section (i)(2) suggests that automatic discharge remains in effect for alleged misdemeanant offenders in that it provides:

In the case of a defendant charged with a misdemeanor, the defendant shall, upon motion timely made with the court at the expiration of *the prescribed time period*, be forever discharged from the crime (emphasis added).

The underscored language refers to section (a)(2)(4) which states:

In the event that the defendant shall not have been brought to trial within fifty (50) days of the filing of the Demand, the defendant shall have the right to the appropriate remedy as set forth in section (i) below.

Sections (i)(3) and (4) of Rule 3.191 pertain to motions to discharge felonies and essentially extend to the State fifteen (15) days within which to bring a defendant to trial from the date of the filing of the motion for discharge.

The Committee Notes expressly provide that this new discharge procedure was not extended to misdemeanors, but only to more serious offenses. Since the charges filed against the instant accused are misde-

120

meanors, the automatic discharge rule remained in effect and the Appellee was entitled to this remedy upon the expiration of fifty (50) days from the date of his demand for a speedy trial. The Order of Discharge is AFFIRMED.

DONE AND ORDERED this 20th day of August, 1987 in Fort Lauderdale, Broward County, Florida.