## STATE OF FLORIDA v GERBER

### Case No. 88-82-AC-10

Seventeenth Judicial Circuit, Broward County

April 28, 1989

### APPEARANCES OF COUNSEL

**James P. McLane,** Assistant State Attorney, for appellant.

**George T. Pallas,** for appellee.

### OPINION OF THE COURT

ROBERT W. TYSON, JR., Circuit Judge.

### *OPINION*

(Corrected)

The Court, pursuant to Florida Rules of Appellate Procedure 9.320 denies Appellee's, Richard Gerber, request for Oral Argument.

THIS CAUSE comes before the Court upon the appeal of an order

entered by the lower court discharging the Appellee from an Information accusing him of Driving Under the Influence. For the reasons stated below, I affirm the trial courts order.

Appellee's counsel had filed a Demand for Speedy Trial pursuant to Rule 3.191(a)(2) of F. R. Crim. P. on December 29, 1987. On February 19, 1988 fifty-two (52) days later, Appellee filed a Motion for Discharge on the ground that he had not been furnished a speedy trial within the prescribed time period. The issue on Appeal is whether the Appellee must be brought to trial within fifty (50) or sixty (60) days from the filing of his Demand for Speedy Trial.

The Speedy Trial Demand Rule provides that every person charged with a crime by an indictment or information shall have the right to demand a trial within 60 days unless otherwise provided by this rule. The rule does provide otherwise at subsection (a)(2)(4) which reads as follows:

"In the event that the defendant shall not have been brought to trial within 50 days of the filing of the Demand, the defendant shall have the right of the appropriate remedy as set forth in section (i) below."

In 1984 the rule was amended to provide for an additional five (5) days upon the filing of a motion for discharge plus another ten (10) days to set for trial. A total of fifteen (15) days is added to the above mentioned 50 days. The additional fifteen days applies only to felonies and not misdemeanors. A defendant is forever discharged on a misdemeanor if a motion is timely made upon the expiration of the prescribed time period (i.e., 50 days).

The new remedy provision of 15 additional days applies only to felonies. The Committee note expressly provides that " . . . it was not appropriate to extend the new remedy provisions to misdemeanors but only to more serious offenses." The appropriate time period for speedy trial discharge in misdemeanor cases is after the lapse of 50 days.

Therefore, the specific language outlined above is sufficient to cure any ambiguities in the recitation of the sixty day time limit. In addition, any questions as to the 60 day time limit were laid to rest in the 1984 amendment.

In light of the above it is deemed by the Court that the fifty day time limit applies to misdemeanors only.

This Court further adopts the reasoning and holding found in *State v Kilts,* 24 Fla. Supp. 2d 119 (17th Cir. 1987), and *State v Andino,* 24 Fla. Supp. 2d 142 (11th Cir. 1987).

Accordingly, it is hereby,

ORDERED AND ADJUDGED that the Order discharging the Defendant is, AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 28th day of April, 1989.