Argued and submitted June 6, reassigned October 17, affirmed December 18, 1984

## STATE OF OREGON,
*Respondent on review,*

*v.*

## LOUIS NORMAN SIMMONDS,
*Petitioner on review.*

(CC C 82-11-38425; CA A27733; SC S30592)

692 P2d 577

J. Marvin Kuhn, Deputy Public Defender, Salem, filed the petition for petitioner on review. With him on the petition was Gary D. Babcock, Public Defender.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent on review.

JONES, J.

## JONES, J.

This is a criminal case in which the defendant seeks reversal of his conviction for the crime of Burglary in the Second Degree. As in *State v. McClure,* 298 Or 336, 692 P2d 579 (1984), and *State v. Sims,* 298 Or 360, 692 P2d 575 (1984), we took review of this case to decide whether defendant's prior convictions for Burglary in the First Degree and Theft in the First Degree were admissible under OEC 609(1)(a) to impeach the defendant's credibility.

Prior to jury selection, the defendant moved the court for an order to exclude the admission of defendant's two prior convictions which were to be offered by the state to impeach the defendant's credibility in the event the defendant testified. The court made the following statement in ruling on the motion:

"THE COURT: It does not involve a misstatement or misrepresentation, but those are the cases that come in without any exercise of the Court's discretion. Those come in as a matter of law. The ones in which the Court must exercise discretion as I understand it are those that — in which there may be — it may be appropriate for the Jury to consider whether they're an indication that a person may be untruthful and the factors we have to consider I'm assuming at this stage you haven't made a misstatement. From the nature of the crime, I assume Mr. Simmonds' testimony is crucial to his defense if he were to testify.

"[DEFENSE COUNSEL]: That's correct.

"THE COURT: Since he is the defendant, of course, that would ordinarily be the case and the element of prejudice is very strong when he is. We're talking about using a prior burglary conviction case in which the case in which Mr. Simmonds is accused here of the crime of burglary. It probably is more prejudicial, but on the other hand the nature of the crime is one that involves dishonesty. I don't know if you stated for the record, Mr. [prosecutor], but I asked you in Chambers what is the underlying criminal charge, the intent to commit the crime at the time of the burglary, and you informed me it was theft in the prior conviction?

"[PROSECUTOR]: Yes, Your Honor.

"THE COURT: It seems to me that the Jury may conclude that a person who would steal or attempt to steal might lie under oath. The balancing test is a very difficult one balancing

that against the prejudice to Mr. Simmonds, but it seems to me that the better course unless it is clearly the kind of crime that might very well outrank a jury is to let the Jury consider evidence that might be helpful to them in appraising the witness's credibility.

"So I am going to overrule the objection and state for the record the reason I suggested we need to go into it now rather than during the trial is that — for guidance of counsel in how to approach your voir dire examination and opening statement to the jury, Mr. [defense counsel]."

In this case the trial judge followed the procedures recommended and the five factors described in *State v. McClure, supra,* 298 Or at 349-50: (1) He found that the nature of the prior crimes involved dishonesty; (2) the prior crimes were recent (the Burglary I conviction dated March, 1982, and the Theft I conviction dated September, 1982); (3) the court recognized that the fact that the crimes were similar produced an element of prejudice that was very strong; (4) the trial judge elicited from counsel that the defendant's testimony would be crucial to his defense; and (5) he felt that the jury should consider the evidence of impeachment in order to appraise the witness's credibility.

The trial judge commented that the balancing test is a very difficult one and then exercised his discretion to overrule the defendant's objection and to allow in evidence the prior convictions if offered by the state.

As we said in *State v. McClure, supra,* and *State v. Sims, supra,* the better choice would have been for the court to restrict the state to the fact that the defendant had been convicted of prior felonies rather than to identify them by name, because of their similarity to the present charge. Nevertheless, the trial judge properly exercised his discretion and it will not be disturbed on appeal.

The Court of Appeals is affirmed.