Argued and submitted June 6, reassigned October 17, affirmed December 18, 1984

# STATE OF OREGON,
*Respondent on review,*

*v.*

# JERRY SIMS,
*Petitioner on review.*

## (CC C 83-04-31842; CA A29486; SC S30658)

692 P2d 575

David E. Groom, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the petition was Gary D. Babcock, Public Defender.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent on review.

JONES, J.

### JONES, J.

The issue in this case is the same as that presented in *State v. McClure,* 298 Or 336, 692 P2d 579 (1984), and *State v. Simmonds,* 298 Or 356, 692 P2d 577 (1984).

Defendant was convicted of two counts of robbery in the first degree and one count of attempted assault in the first degree. Prior to trial, defendant moved to exclude evidence of two prior bank robberies in defendant's trial. The trial judge made the following statement and ruling:

> "I think the district attorney can introduce evidence of a prior conviction so long as it's within the proper period of time and is a felony if it reflects on the integrity of the defendant who is going to testify, or a witness if it is going to be a witness. I think that armed robbery or robbery of a bank reflects on the integrity and honesty of the individual, and I think that it should be received for purposes of impeachment. * * * I recognize that the defendant is charged here with robbery and I recognize that two of the prior convictions have to do with robbery. And I recognize that the commentaries * * * suggested that it's improper to allow proof of similar crimes. I don't understand the reason for that. The Court of Appeals has considered the problem, and they have no difficulty with it. I would allow evidence of prior armed robbery or bank robberies for impeachment purposes in the event the defendant testifies."

In applying the "five-factor" test set forth in *State v. McClure, supra,* 298 Or at 349-50, to the trial court's decision, we note as follows:

Factor (1): Impeachment value of prior crime—Armed robbery is a crime involving dishonesty and is relatively high on the credibility scale, not as high as the non-discretionary crimes admissible under OEC 609(1)(b) such as perjury, forgery or theft by deception, but much higher than homicide or other assaultive crimes.

Factor (2): Time of crimes—Defendant was convicted of Robbery I in 1972, escaped from custody in 1974 and committed another robbery while on escape status in 1974. He was paroled in 1975 and then was convicted of yet another robbery in 1979. After being sentenced on that crime, he was charged in this case with Robbery I, Attempted Assault I and Ex-Convict in Possession of a Firearm, alleged to have

occurred in 1983. There is no doubt the prior convictions were recent within the contemplation of factor (2).

Factor (3): Similarity of crimes—As in *State v. McClure, supra,* and *State v. Simmonds, supra,* the prior crimes were the same as the present crimes charged. This factor weighs heavily against admission.

Factor (4): Importance to the defendant to testify— In this case the defendant took the stand, so he was not dissuaded from testifying even though faced with the impeachment evidence.

Factor (5): Centrality of credibility issue—In his appellate brief, defendant summarizes the facts as follows:

"Gordon Struck and Linda Carlson were sitting in their parked car when a black man approached the car, pointed a gun at them and demanded their money, jewelry and Ms. Carlson's purse. The man told them to put their heads down and not look up for three seconds. After a moment, Mr. Struck looked up and the man was gone.

"Mary Judge and George McInnis saw a black man run across the street in front of their car, away from the area of the robbery, carrying a white handbag. They followed him for several blocks and saw him run across a used car lot and into a driveway. A van driven by Vern Rake, a security guard at the used car lot, drove up nearby. Mr. Rake shined his spotlight into the driveway between the two houses where the man had run and saw him there. Mr. Rake and the victims identified the man as defendant. The suspect jumped up and fired a shot at Mr. Rake. He then ran behind the van and fired another shot. Mr. Rake called the police from his van and then cornered the suspect behind some houses.

"When police officers arrived, Mr. Rake told them that the man was in the block behind some houses. One officer found some clothing under the steps to the front door. Officer Bell looked into some nearby bushes and saw defendant. He ordered defendant out of the bushes and defendant complied. A gun was found in the bushes near where defendant had been sitting.

"Defendant testified that while resting on the steps in front of the house, he heard shots. He hid in the bushes and someone ran by, throwing the gun and jewelry into the bushes."

It is apparent from the trial judge's ruling that he felt the prior

crime evidence was important to the state to impeach the defendant's credibility.

As we said in *State v. McClure, supra,* and *State v. Simmonds, supra,* the better choice would have been for the trial court to restrict the state to the fact that the defendant had been convicted of prior felonies rather than to identify them by name, because of their similarity to the present charge. The trial judge nevertheless properly exercised his discretion which will not be disturbed on appeal.

The Court of Appeals is affirmed.