Argued and submitted July 9, ballot title certified as modified July 23, 1985

KOUNS,
*Petitioner,*

LANG,
*Intervenor,*

*v.*

ROBERTS,
*Respondent.*

LANG et al,
*Petitioners,*

KOUNS,
*Intervenor,*

*v.*

ROBERTS,
*Respondent.*

(SC S31826 (Control); SC S31827)
(Consolidated)

704 P2d 100

John A. Bennett, Portland, filed the petition and argued the cause for petitioner/intervenor Kouns.

Leland R. Berger and Kirsten J. Bey, Portland, argued the cause for intervenor/petitioner Lang. With them on the petition and intervenor's brief was Rieke, Geil & Savage, P.C., Portland.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and John A. Reuling, Jr., Salem, filed answering memoranda.

CARSON, J.

## CARSON, J.

This is a consolidated case in which petitioners Lang and Kouns challenge the ballot title prepared by the Attorney General for an initiative measure that would make numerous statutory changes in the criminal law relating to trial procedure, evidence, sentencing and parole. Many of the changes expand the role of crime victims in the criminal justice process. One provision increases victims' rights to compensation.

Petitioner Lang, individually and in his capacity as Chair of the Criminal Justice Committee of the Portland Chapter of the National Lawyers Guild, moved to consolidate these ballot title challenges and intervened in the proceeding brought by petitioner Kouns. Kouns is a chief petitioner of the proposed initiative measure and intervened in Lang's proceeding.

The Attorney General filed the following ballot title with the Secretary of State:

"REVISES MANY CRIMINAL LAWS CONCERNING VICTIMS' RIGHTS, EVIDENCE, SENTENCING, PAROLE

"QUESTION: Shall crime victims' rights and role in criminal justice process be expanded, and changes made in prosecution, evidence, sentencing, parole?

"EXPLANATION: Protects victims from pretrial contact by criminal defendant. Bars excluding victim from courtroom during trial. Gives victim role in trial scheduling, sentencing, parole. Requires joint trial of jointly charged defendants unless 'clearly inappropriate.' Limits merger of sentences for multiple crimes. Sets consecutive sentences rules. Gives state and defendant same number of jury challenges. Expands cross-examination on witness's prior convictions. Expands victims' compensation rights. Requires that parole last for term of entire sentence. Makes other changes."

Petitioner Lang challenges the ballot title as insufficient and unfair in four ways. He contends it fails adequately to inform the voters of the true purpose of the proposed measure, which he asserts is to expand prosecutorial power and discretion, and to restrict the statutory and constitutional rights of accused persons. He further contends that the phrase "victims' rights" in the Caption and Question is biased, value-

laden, inflammatory and, therefore, unfair. He asserts that the Explanation fails to state concisely, accurately and impartially the chief purpose of the measure, because it fails to mention an important section, the broad definition of "victim."[1] Finally, petitioner Lang argues that the Explanation does not comply with the standard of minimum readability because the phrase "merger of sentences" will not be understood by the average voter and because the term "victim" connotes something different to voters than the definition contained in this initiative measure.

Petitioner Lang offers the following alternative ballot title:

"*CAPTION:* RESTRICTS CONSTITUTIONAL AND STATUTORY RIGHTS IN TRIAL, EVIDENCE, SENTENCING, PAROLE.

"*QUESTION:* Shall constitutional and statutory rights be restricted and prosecutor's power and victim's role be expanded in the criminal justice process?

"*EXPLANATION:* Restricts criminally accused's ability to defend by reducing access to witnesses. Gives complaining witness role in trial scheduling, sentencing, parole. Exempts complaining witness from exclusion during other trial testimony. Restricts right to individual trial. Doubles number of prosecutor's jury challenges [sic], expands impeachment and ability to use irrelevant evidence. Expands complaintant's [sic] compensation rights. Allows multiple convictions for single incident and provides for increasing consecutive sentences. Requires that parole lasts entire term of sentence. Expands victim definition."[2]

---

[1] Section 17 of the proposed measure defines "victim" as follows:

"* * * * *

"As used in ORS 40.385 and in ORS Chapters 136, 137 and 144, except as otherwise specifically provided or unless the context requires otherwise, 'victim' means the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime and includes, in the case of a homicide, a member of the immediate family of the decedent and, in the case of a minor victim, the legal guardian of the minor. In no event shall the criminal defendant be considered a victim."

[2] Petitioner Lang also submitted the following alternative Captions and Questions:

"*Alternative Captions:*

"Restricts accused's statutory and constitutional rights in criminal justice process.

Petitioner Kouns challenges the ballot title for different reasons. He argues that the Caption is insufficient and unfair in that (1) it is not phrased in the words by which the measure is commonly referred; and (2) it incorrectly states that the measure "revises," rather than "creates or establishes" new rights for victims. Petitioner Kouns does not object to the Question prepared by the Attorney General. He contends that the Explanation is incomplete because it states neither that the initiative would allow the victim's photograph in a homicide trial, nor that the initiative defines "victim." He also objects because the final sentence does not say that the "other changes" are "all related to victims."

Petitioner Kouns offers the following alternative Captions and Explanation:

"THE VICTIMS' RIGHTS INITIATIVE

"OR

"CREATES VICTIMS' RIGHTS; REVISES CRIMINAL LAWS CONCERNING EVIDENCE, SENTENCING, PAROLE.

"OR

"CREATES NEW VICTIMS' RIGHTS; REVISES CRIMINAL PROCEDURE, EVIDENCE, SENTENCING, PAROLE.

"EXPLANATION: Protects victims from pretrial contact by criminal defendant. Allows victim in courtroom during trial. Gives victim role in trial scheduling, sentencing, parole. Requires joint trial of jointly charged defendants unless 'clearly inappropriate.' Regulates multiple and consecutive

---

"Restricts rights of accused, revises numerous criminal laws.

"Revises numerous laws in trials, victim's role, sentencing, parole.

"Revises numerous laws concerning trials, victim's role, sentencing, parole.

"*Alternative Questions:*

"Shall prosecutorial control over trial procedures be expanded and major changes made in jury selection, sentencing, parole, and victim's role?

"Shall prosecutorial power and discretion and victims' role be expanded and rights of accused be restricted?

"Shall changes be made in trials, sentencing, parole and shall victims' and prosecutors' role in criminal justice process be expanded?"

sentences. Gives state and defendant same number of jury challenges. Equalizes cross-examination on witnesses' prior convictions. Expands victims' compensation rights. Extends parole, parolee to pay costs. Allows victim's photograph in homicide trial. Defines 'victim.' Makes other victim related changes."

In response to these two petitions, the Attorney General concedes that the Explanation in the original ballot title was deficient in failing to refer to the measure's broad definition of "victim." While contending that the Caption and Question are fair and sufficient, the Attorney General offers the following alternative Explanation:

"EXPLANATION: Protects victims from pretrial contact by criminal defendant. Bars excluding victim from courtroom during trial. Gives victim role in trial scheduling, sentencing, parole. Requires joint trial of jointly charged defendants unless 'clearly inappropriate.' Limits sentence merger for multiple crimes. Sets consecutive sentences rules. Gives state, defendant same number of jury challenges. Expands witness's prior conviction cross-examination. Expands victims' compensation rights. Requires that parole last entire term of sentence. Defines 'victim' broadly. Makes other changes."

## THE CAPTION

ORS 250.035(1)(a) requires that a ballot title include a "caption of not more than 10 words by which the measure is commonly referred * * *." Petitioner Kouns argues that this initiative measure is commonly referred to as the "victims' rights initiative," and the Caption should so read.

The Attorney General concedes that the measure is commonly referred to as the "victims' rights initiative" by its sponsors and the news media, and that this is the name by which the measure's predecessor (Ballot Measure #8 in the General Election of November 6, 1984) came to be commonly referred. The Attorney General argues, however, that such Caption would be insufficient and unfair because it does not sufficiently serve the identifying purpose of the Caption under ORS 250.035(1)(a), and because it amounts to an argument in favor of the measure. The Attorney General cites *Marr v. Thornton,* 237 Or 503, 392 P2d 458 (1964), where " 'Right-to-work' Constitutional Amendment" was disapproved because it was a slogan amounting to an argument for the measure and was likely to create prejudice, and *Allied Truck Owners v.*

*Hoss,* 139 Or 686, 11 P2d 960 (1932), where "The Highway Protection Bill" was disapproved because the word "protection" was possibly argumentative.

■        Each part of a ballot title must be sufficient and fair. ORS 250.085(1). We agree with the Attorney General that petitioner Kouns' suggestion would be insufficient and unfair because the measure includes many provisions which are unrelated to "victims." Of the 15 substantive provisions, at least one-third are unrelated to victims. Of the remaining two-thirds, some relate to victims only tangentially. Furthermore, not all the provisions that relate to victims' participation in the criminal justice process can be properly characterized as creating "rights" for victims. Thus, while this measure may be commonly referred to as the "victims' rights initiative," such Caption, without more, would mislead the voters because the measure includes significant substantive provisions unrelated to victims or victims' "rights."

■        Petitioner Lang objects to the use of the phrase "victims' rights" as biased, value-laden and inflammatory. While this phrase does not fully describe the initiative measure, the measure does provide an expanded role for crime victims in several respects. Therefore, the use of the phrase "victims' rights," in the context of the entire Caption and in consideration of the statutory word limitation, is adequately descriptive and not inflammatory or unfair. We conclude that the Caption prepared by the Attorney General is sufficient and fair. ORS 250.085(1).

## THE QUESTION

■        ORS 250.035(1)(b) requires that the Question be "not more than 20 words which plainly states the purpose of the measure * * *." Petitioner Lang's views about the *effects* of this measure, *e.g.,* increasing prosecutorial power and limiting the rights of accused persons, arguably may be accurate, but the Question proposed by the Attorney General is an impartial, concise and accurate statement of the *purpose* of the measure. ORS 250.035(1)(b) and 250.039. As discussed above, the phrase "victims' rights," while not descriptive of the entire measure, is neither inflammatory nor unfair. We conclude that the Question provided by the Attorney General is fair and sufficient. ORS 250.085(1).

## THE EXPLANATION

ORS 250.035(1)(c) requires that a ballot title include a "concise and impartial statement of not more than 75 words of the chief purpose of the measure." As noted above, in response to these two petitions, the Attorney General conceded that the Explanation was deficient in failing to mention the broad definition of "victim" included in this measure. Thus, the language "Defines 'victim' broadly" was included in the Attorney General's alternative Explanation.

■ Petitioner Lang objected to the readability of the phrase "merger of sentences," asserting that it would not be understood by the average voter. That phrase has been changed to "sentence merger," and in the context of the entire Explanation, we find that it complies with the standard of minimum readability "to the fullest extent practicable consistent with the requirements of impartiality, conciseness, and accuracy." ORS 250.039. The phrase is not so difficult that voters will be confused or misinformed.

■ We have considered the other objections made by both petitioners and conclude that the suggested alternative Explanation by the Attorney General is fair, sufficient and reasonably understandable in light of the statutory word limitation and the complexity of the subject matter. ORS 250.085.

We thus certify to the Secretary of State the following ballot title.

"REVISES MANY CRIMINAL LAWS CONCERNING VICTIMS' RIGHTS, EVIDENCE, SENTENCING, PAROLE

"QUESTION: Shall crime victims' rights and role in criminal justice process be expanded, and changes made in prosecution, evidence, sentencing, parole?

"EXPLANATION: Protects victims from pretrial contact by criminal defendant. Bars excluding victim from courtroom during trial. Gives victim role in trial scheduling, sentencing, parole. Requires joint trial of jointly charged defendants unless 'clearly inappropriate.' Limits sentence merger for multiple crimes. Sets consecutive sentences rules. Gives state, defendant same number of jury challenges. Expands witness's

prior conviction cross-examination. Expands victims' compensation rights. Requires that parole last entire term of sentence. Defines 'victim' broadly. Makes other changes."

Ballot title certified as modified.