Argued and submitted January 28, affirmed August 21, reconsideration denied October 4, petition for review denied October 22, 1985 (300 Or 180)

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID EDWARD REITZ,
*Appellant.*

(10-83-08652; CA A32056)

705 P2d 762

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Brenda Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

### WARDEN, J.

Defendant appeals his convictions for public indecency, sexual abuse in the first degree and attempted rape in the first degree. Although we agree with defendant that the trial court erred in admitting evidence of an earlier conviction, we conclude that the error was harmless and affirm.

In October, 1983, Danielle Price was making a phone call from a phone booth at about 2:30 a.m. when she was assaulted by a man, who tried to undress her. She described her assailant to the police. They took defendant into custody shortly thereafter, and she identified him as the man who had attacked her.

Defendant moved to exclude evidence of a prior shoplifting conviction. ORS 164.015(1); ORS 164.045. OEC 609 provides in part:

> "(1)  For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime in other than a justice's court or a municipal court shall be admitted if elicited from the witness or established by public record, but only if the crime * * * (b) involved false statement."[1]

The trial court found that an element of defendant's shoplifting conviction was "concealment, which * * * resembles deceit" and therefore ruled the evidence admissible under OEC 609(1)(b).[2]

Most crimes involve some concealment, if only concealment of the act itself. Applying the reasoning of the trial court, if a defendant attempted to conceal the act, the subsequent conviction would almost always be admissible. That the legislature did not contemplate such a broad rule is evident from the Legislative Commentary to OEC 609:

> "Crimes of false statement involve some element of untruthfulness, falsification or deceit bearing on the witness' propensity to testify truthfully. *The deceit involved is more*

---

[1] Evidence of defendant's conviction for shoplifting was not admissible under OEC 609(1)(a), because the conviction was not punishable by imprisonment in excess of one year.

[2] In *State v. McClure,* 298 Or 336, 692 P2d 579 (1984), the Supreme Court discussed the test for admissibility of convictions under OEC 609(1)(a) but did not discuss the admissibility of convictions for false statements under OEC 609(1)(b).

*than the mere effort of the criminal actor to hide the fact of crime or the identity of the actor from the authorities; by this reasoning all crimes would be crimes of deceit.* * * *

"Certain crimes involve false statement by their very nature. The Legislative Assembly has compiled a partial list of such crimes in Oregon. It intends that these, and their inchoate forms, see ORS 161.405 et seq., be admissible for impeachment purposes in every case. A trial court does not have discretion to exclude them." (Emphasis supplied.)

■    The illustrative list of offenses against property[3] does not include theft by taking, appropriating, obtaining or withholding, under ORS 164.015(1), the crime of which defendant had been convicted. The elements of the crime determine whether it is one involving false statement. *See* Kirkpatrick, *Oregon Evidence* 249 (1982). The state argues that the elements of theft by taking are substantially equivalent to the elements of theft by receiving, ORS 164.015(5), and theft by failure to restore known lost property, ORS 164.015(2), which are offenses specifically identified in the commentary as "false statement" crimes. We disagree. In theft by taking, the person has the intent to deprive a rightful owner of property. In the listed offenses there is the additional element of consciously misleading the true owner or failing to reveal true ownership.[4] It is that added element of the offense which is not present in a conviction for theft by taking.

■■    We hold that a conviction under ORS 164.015(1) is not a conviction involving false statement within the meaning

---

[3] Commentary to OEC 609 provides, in part:

> *"Offenses Against Property*
>
> "164.015(2) - Theft—by failure to restore known lost property"
>
> "164.015(4) - Theft—by deception"
>
> "164.015(5) - Theft—by receiving stolen goods"
>
> "164.125(1)(a)[3] Theft of services—by deception"
>
> "164.125(1)(b) Theft of services—by exercising control to divert labor/materials"
>
> "164.135(1)(b) Unauthorized use of vehicle—diversion while being repaired/used."

[4] The state argues that, in terms of credibility, there is no rational basis for excluding a theft by taking. The distinction between the crimes is historic. *See generally,* Hall, *Theft, Law and Society,* Ch 1-4 (2d ed 1952).

of OEC 609(1)(b). Nonetheless, admitting the evidence of the conviction for shoplifting was harmless error.

Defendant testified at trial and admitted his shoplifting conviction in answer to questions from his counsel. The matter was not again referred to by either the state or defendant. Defendant denied that he had attacked Price. However, he was stopped near the scene of the attack shortly after it had occurred. He was wearing a denim jacket, jeans and a striped shirt, the clothing described by the victim. His physical appearance was similar to that given by Price to the police dispatcher immediately after the attack. When defendant was told that the victim was coming to look at him, he combed his hair off his forehead with his fingers. He admitted being in the area but claimed that he had been at a restaurant and was on his way to a second restaurant near the university campus when he was stopped. However, he admitted that he was not driving in the direction of the campus restaurant when the police stopped him.

Price saw her attacker in a well-lighted area. She made a positive, on-the-scene identification; in the courtroom she again identified defendant and said that she had no doubt that he was the man who had attacked her. Additionally, another witness testified, without objection, that she was 98 percent certain that it was the defendant who had attacked her about an hour before the assault on Price.

In view of the evidence of defendant's guilt, the court's pretrial ruling that his conviction for shoplifting was admissible was not error requiring reversal. OEC 103; *see Van Gordon v. PGE Co.*, 295 Or 811, 670 P2d 1026 (1983).

Affirmed.