Argued and submitted June 7, the decision of the Court of Appeals and judgment of the trial court affirmed November 30, 1988

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## JACKIE ELAINE GALLANT,
*Petitioner on Review.*

(TC B69-226; CA A45156; SC S34952)

764 P2d 920

Henry M. Silberblatt, Salem, argued the cause and filed the petition for review. With him on the petition was Gary D. Babcock, Public Defender, Salem.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent on review.

CAMPBELL, J.

## CAMPBELL, J.

In 1986, Oregon voters passed an initiative known as the "Crime Victims' Bill of Rights."[1] Among other changes to the law of criminal procedure, the measure amended OEC 609(1) to allow prosecutors to impeach witnesses with evidence that the witness had previously been convicted of a crime involving dishonesty. The principal issue in this case is whether the defendant's prior conviction for second degree theft for shoplifting was admissible as a crime involving dishonesty. We hold that second degree theft is a crime involving dishonesty and that the evidence of the prior conviction was admissible to impeach the defendant's credibility.

The defendant was charged with second degree theft for shoplifting merchandise from a grocery store. ORS 164.015(1), ORS 164.045. When the defendant took the stand at trial, the judge allowed the prosecutor to impeach her credibility with evidence of a prior conviction for shoplifting. On cross-examination, the prosecutor inquired into the defendant's probation from the previous conviction. The defendant objected to the questioning and moved for a mistrial. The trial judge overruled the objection and denied the motion. The jury returned a guilty verdict on the theft charge.

The defendant assigns error to: (1) the admission of the prior conviction evidence, and (2) the denial of her motion for a mistrial. The Court of Appeals affirmed the conviction without issuing an opinion. *State v. Gallant,* 89 Or App 264, 749 P2d 141 (1988). We affirm the decisions of the trial court and the Court of Appeals.

OEC 609(1) now provides:

"For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime[2] shall

---

[1] Or Laws 1987, ch 2, § 1. *See Kouns v. Roberts,* 299 Or 487, 492-93, 704 P2d 100 (1985) (addressing the use of the phrase "victims' rights").

[2] Before 1986, OEC 609(1) provided: "For the purpose of attacking the credibility of a witness, evidence that the witness had been convicted of a crime *in other than a justice's court or a municipal court* shall be admitted * * *." *Former* OEC 609(1) (1985) (emphasis added). For unknown reasons, the drafters of the "Crime Victims' Bill of Rights" omitted the exception for convictions in justice's courts and municipal courts from the text of OEC 609. *Compare former* OEC 609(1) (1985) with Official 1986 General Voters' Pamphlet 50. The ballot measure did not bracket and italicize the deletion, as it did with other deletions of statutory text to show voters what changes were proposed. Nothing in the text of the initiative or its explanation in the voters' pamphlet informed the voters that the enactment would delete this text.

be admitted if elicited from the witness or established by public record, but only if the crime * * * (b) involved false statement or dishonesty."

The "Crime Victims' Bill of Rights" added "dishonesty" after "false statement" in Subsection (b). Or Laws 1987, ch 2, § 9.

■ The defendant first argues that applying the amended version of OEC 609(1) amounts to imposing unconstitutional *ex post facto* law. US Const, Art I, § 9; Or Const, Art I, § 21. Because the crime for which she was tried occurred before the effective date of the ballot measure, the defendant urges the court to apply the previous version of OEC 609.[3]

■ Generally speaking, *ex post facto* laws punish acts that were legal at the time they occurred, change the punishment for those acts, or deprive the defendant of a defense for those acts. *See Dobbert v. Florida,* 432 US 282, 292-93, 97 S Ct 2290, 53 L Ed 2d 344 (1976); *State ex rel Pierce v. Slusher,* 119 Or 141, 147, 248 P 358 (1926). The amendment to OEC 609 did not create a new crime. It did not affect a substantive right of the defendant and it did not change the proof necessary to establish a crime. Under these circumstances, we hold that applying the new provision in this case did not amount to imposing *ex post facto* law. We therefore turn to the question of the admissibility of the prior conviction under the amended version of OEC 609(1).

A review of the history of OEC 609 helps to clarify the amendment's effect. The drafters of the Oregon Evidence Code based OEC 609 on its federal counterpart, FRE 609.[4] Commentary to Oregon Evidence Code 241 (Butterworth 1982). Like the amended version of OEC 609, FRE 609 allows evidence of prior convictions for crimes involving dishonesty or false statement.

---

[3] The Court of Appeals has held that a shoplifting conviction is inadmissible under the former version of OEC 609 because the elements of the crime do not involve "consciously misleading" the victim. *State v. Reitz,* 75 Or App 82, 85, 705 P2d 762, *rev den* 300 Or 180 (1985).

[4] Rule 609(a) of the Federal Rules of Evidence provides in relevant part:

"For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime * * * (2) involved dishonesty or false statement, regardless of the punishment."

Federal courts interpret "dishonesty or false statement" to mean falsification or misrepresentation demonstrating a propensity to lie. *E.g., United States v. Ortega,* 561 F2d 803, 806 (9th Cir 1977). Perjury, criminal fraud, embezzlement and false pretense are examples of such crimes. *See* 2 Wright, Federal Practice and Procedure 554, § 416 (1982). Shoplifting is not a crime involving "dishonesty or false statement," at least in the Ninth Circuit. *United States v. Ortega, supra,* 561 F2d at 806. *But see United States v. Carr,* 418 F2d 1184, 1185-86 (DC Cir 1969), *cert den* 396 US 1030 (1970) (conviction for petit larceny admissible).

The drafters of OEC 609 noted that "the federal courts have generally concluded that 'dishonesty' adds nothing of substance to 'false statement' for the purpose of impeachment, and therefore tend to give the terms the same meaning." Commentary to Oregon Evidence Code, *supra* at 244. Accordingly, the drafters omitted "dishonesty" from OEC 609 as originally enacted. Evidence of a prior conviction was admissible in Oregon only if the crime involved a "false statement." *Former* OEC 609(1)(b).

Adding "dishonesty" to OEC 609 made the wording of the Oregon rule nearly identical to FRE 609. The defendant argues that the identical provisions should be given the same interpretation. She claims that the prior shoplifting conviction did not involve any false statement and, therefore, under the federal interpretations and the pre-amendment interpretations of OEC 609, the trial court should have excluded evidence of the conviction.

■    Interpretations of federal statutes often are persuasive in the interpretation of identical provisions of state law. *See Redmond Ready-Mix, Inc. v. Coats,* 283 Or 101, 110, 582 P2d 1340 (1978). However, this is not an absolute rule. Whenever the meaning of legislation is questioned, our task is to discern the intent of the legislative body; in this case, the electorate. *E.g., Whipple v. Howser,* 291 Or 475, 480-81, 632 P2d 782 (1981). *See also Davis v. Wasco IED,* 286 Or 261, 274-75, 593 P2d 1152 (1979) (Linde, J., concurring).

That the electorate amended the statute signals an intent to change its meaning. *See, e.g., 1000 Friends of Oregon v. Wasco County Court,* 299 Or 344, 358, 703 P2d 207 (1985). An explanation of the "Crime Victims' Bill of Rights" in the

1986 Voters' Pamphlet states that the initiative "[e]xpands witness's prior conviction cross-examination." Official 1986 General Voters' Pamphlet 49. Clearly the electorate did not intend "dishonesty" to be synonymous with "false statement."

Whether the voters intended "dishonesty" to include shoplifting is not clear. Neither the statute nor the voters' pamphlet defines dishonesty. The word dishonesty is sometimes narrowly defined to mean a disposition toward making false statements. Frequently, however, "dishonesty" is given a broader definition and includes conduct such as cheating and stealing, even though such conduct may not involve express falsifications. *See* Webster's Third New International Dictionary 650 (unabridged 1971). Having already determined that the voters intended "dishonesty" to mean more than a disposition toward making false statements, we conclude that the voters intended to include theft within the definition of dishonesty.

Other judicial definitions of dishonesty reinforce our conclusion that theft constitutes dishonesty.[5] This court has stated that armed robbery is a crime involving dishonesty. *State v. Sims,* 298 Or 360, 362, 692 P2d 575 (1984). Embezzlement and cheating have been held to be dishonest conduct in bar disciplinary cases. *See In re Hockett,* 303 Or 150, 158-59, 734 P2d 877 (1987) (assisting clients to cheat creditors); *In re Holman,* 297 Or 36, 57-58, 682 P2d 243 (1984) (embezzlement without "deception in the sense of misleading the victim").

We hold that the defendant's prior conviction for second degree theft was a conviction for a crime involving dishonesty for the purposes of OEC 609(1)(b). Therefore, the evidence of the prior conviction was properly admitted.[6]

The defendant's second assignment of error charges

---

[5] It is unlikely that the voters had these judicial interpretations in mind when they added "dishonesty" to OEC 609. *Cf. State v. Clevenger,* 297 Or 234, 244, 683 P2d 1360 (1984) ("In enacting subsequent legislation, the legislature is considered to be aware of this court's decisions"). Thus the cases cited in the text have no bearing on the voters' intent. We mention these cases only to illustrate consistent judicial interpretations of the word "dishonesty."

[6] Nothing in our decision today is to be construed as a determination of whether shoplifting constitutes a false statement. *Cf. State v. Reitz, supra,* note 3 (holding that shoplifting is not a crime involving a false statement).

that the trial court should have granted a mistrial. During cross-examination of the defendant, the prosecutor asked the following questions in the presence of the jury:

"Q. Now, going back for a minute to this conviction for shoplifting a couple of years ago, you were sentenced on that I assume?

"A. Yes I was.

"Q. Were you given a probationary period?"

At this point, defense counsel objected that the defendant's probation status was irrelevant.[7] The Deputy District Attorney replied that the questions were relevant to the defendant's motive for lying on the stand, and the judge overruled the objection. The prosecutor continued:

"Q. Now I'm sorry, let me repeat the question, you were sentenced?

"A. Yes I was.

"Q. Were you placed on probation?

"A. Yes I was.

"Q. For how long?

"A. Two years.

"Q. So you're still on probation on that?

"A. No I'm not.

"Q. When did that probation end?

"A. Just recently.

"Q. In early 1987?

"A. Yes.

"Q. So at the time of this alleged incident you were on probation for this earlier matter?

"A. Yes, I was.

"Q. Isn't it true that one of the terms of that probation was that you were to commit no crimes?

"A. I think all probation has that."

Out of the jury's presence, defense counsel moved for

---

[7] Counsel did not need to repeat his objection after each subsequent question, and he did not need to request a continuing objection before he moved for a mistrial. *See* *Noteboom v. Savin,* 213 Or 583, 589, 322 P2d 916, 326 P2d 772 (1958).

a mistrial on the ground that the prosecutor had no good faith belief that the defendant had been on probation or subject to probation revocation proceedings. The motion was denied.

The state concedes that allowing questions about the defendant's probation was error. The defendant contends that she was prejudiced because "the jury could infer that the defendant had already been determined to be guilty of the present offense." App Br at 17. According to the state, the error was harmless.

Unless the trial court abused its discretion in refusing to grant a mistrial, the decision will not be reversed on appeal. ORS 138.230; *State v. Eby,* 296 Or 63, 77-78, 673 P2d 522 (1983). When the prosecutor began his questioning, the jury already knew that the defendant had a previous shoplifting conviction. From the fact that the defendant's probation had recently terminated, a juror could speculate that the new charges could have led to the revocation of the defendant's probation. It is unlikely, however, that a juror would infer that the defendant had already been adjudged guilty of the present charges. Furthermore, the judge instructed the jury that the prior conviction was relevant only to credibility and had no bearing on guilt. We hold that the error did not prejudice the defendant and therefore the trial judge did not abuse his discretion in denying the motion. *State v. Eby, supra. See also State v. White,* 303 Or 333, 343-44, 736 P2d 552 (1987).

The decision of the Court of Appeals is affirmed. The judgment of the trial court is affirmed.