No. 47          October 3, 2013          295

# IN THE SUPREME COURT OF THE STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review*,

*v.*

TAWANNA D. FULLER,
aka Tawana Divier Fuller,
*Respondent on Review.*

(CC 100748130; CA A147724; SC S060808)

En Banc

On review from the Court of Appeals.*

Argued and submitted June 5, 2013.

Jeremy C. Rice, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Karen J. Mockrin, Portland, argued the cause and filed the brief for respondent on review.

Cody Hoesly, Larkins Vacura LLP, Portland, Cooperating Attorney for ACLU Foundation of Oregon, Inc. and Kevin Diaz, Legal Director, ACLU Foundation of Oregon, Inc., filed a brief in support of the respondent on review.

BREWER, J.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

_____
  * Appeal from Multnomah County Circuit Court, Michael Zusman, Judge. 252 Or App 391, 287 P3d 1263 (2012).

**BREWER, J.**

Like the defendant in *State v. Benoit*, 354 Or 302, __ P3d __ (2013), also decided today, defendant in this case was arrested and incarcerated on misdemeanor charges that the state later reduced to violations under ORS 161.566(1).[1] The issue is whether the prosecutor's election to treat the offenses as violations precluded defendant from asserting her right to a jury trial and other protections under Article I, section 11, of the Oregon Constitution. Consistently with our decision in *Benoit,* we conclude that the circuit court erred in rejecting defendant's demand for those protections and that the Court of Appeals correctly reversed defendant's convictions after a trial to the court. Accordingly, although the basis for our decision differs in some respects from that of the Court of Appeals, we affirm the decision of the Court of Appeals, reverse the judgment of the circuit court, and remand the case to the circuit court.

In July 2010, defendant was accused of shoplifting, and she was arrested and briefly incarcerated. Defendant was charged with third-degree theft, a Class C misdemeanor, and attempted first-degree theft, a Class A misdemeanor. At defendant's arraignment, the state elected under ORS 161.566(1) to prosecute the charges as violations rather than misdemeanors. Defendant filed a motion to have the charges tried to a jury and to be proved guilty beyond a reasonable doubt, contending that she was entitled to those protections even though the state was prosecuting the charges as violations. The trial court denied the motion and found defendant guilty on both charges by a preponderance of the evidence. Defendant was fined $300 on each conviction.

Defendant appealed, asserting that the trial court erred in denying her motion because the proceeding retained characteristics that made it a "criminal prosecution" for purposes of Article I, section 11, notwithstanding the prosecutor's election to treat the charges as violations. The state

---

[1] The 2009 version of ORS 161.566 was in effect when defendant allegedly committed her offense. However, because the 2011 version of the statute is identical in most material respects to the 2009 version, for convenience, we refer to the current version of the statute in this opinion unless otherwise indicated. We set out relevant text of ORS 161.566 later in this opinion.

responded that a violation case is not a criminal prosecution and that defendant was not entitled to a jury trial and to a standard of proof requiring evidence of her guilt beyond a reasonable doubt. The Court of Appeals agreed with defendant, and reversed and remanded the case. *State v. Fuller*, 252 Or App 391, 287 P3d 1263 (2012). The state now seeks review.

ORS 161.566 provides, in part, that, except for misdemeanors created under the vehicle code,

"(1)   * * * a prosecuting attorney may elect to treat any misdemeanor as a Class A violation. * * * If no election is made within the time allowed, the case shall proceed as a misdemeanor.

"(2)   * * * Notwithstanding ORS 153.018, the maximum fine that a court may impose upon a conviction of a violation under this section may not exceed the amount provided in ORS 161.635 for the class of misdemeanor receiving violation treatment."

As discussed in *Benoit*, this court determined in *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 100-02, 570 P2d 52 (1977), that the legislature may decriminalize minor offenses by enacting a system to prosecute violations, but, in doing so, may not deny an accused the right to a jury trial under Article I, section 11, if the proceeding retains attributes of a "criminal prosecution." *Id.* at 102-04. In *Brown*, the court outlined five factors that bear on whether a violation proceeding is so similar to a criminal proceeding that the constitutional right to a jury trial attaches: (1) the type of offense, including, for example, whether the offense was a crime at common law, or whether it involves traditional elements of *mens rea* or a lower degree of culpability; (2) the penalty incurred, and, specifically, whether there is the potential for imprisonment or a heavy fine; (3) collateral consequences, such as, in *Brown*, the revocation or suspension of a driver license; (4) punitive significance of the prosecution, that is, whether a judgment is stigmatizing and condemnatory; and (5) the role, if any, of pretrial arrest and detention. *Id.* at 102-09. The court stated, further, that "[a]ll [of those factors] are relevant, but none is conclusive" in reaching the "ultimate determination" whether a proceeding

is a "criminal prosecution" for constitutional purposes.[2] *Id.* at 102. Applying those factors in *Brown*, the court concluded that a DUII proceeding was properly characterized as a criminal prosecution. *Id.* at 109-10.

In deciding this case, the Court of Appeals applied the *Brown* factors and determined that prosecuting defendant for third-degree theft and attempted first-degree theft "retains too many characteristics of a criminal prosecution to deny defendant the protections of a jury trial and an evidentiary standard of proof of the offenses beyond a reasonable doubt." *Fuller*, 252 Or App at 399. In doing so, the court reasoned that society has long considered theft to be a crime and, therefore, it would be difficult for the public "to discriminate between the significance of a conviction for theft [as] a misdemeanor" versus a violation. *Id.* at 397-98. The court further noted that, under ORS 161.566 (2009), the penalty for a misdemeanor charged as a violation would be the same as if the charge was tried as a misdemeanor, and that defendant was subject to criminal procedures—that is, arrest and detention—before her arraignment.

In its petition for review, the state asserted that the Court of Appeals improperly relied on erroneous conclusions that this court had reached in *Brown*; alternatively, the state argued that the Court of Appeals misapplied the *Brown* factors. In its brief on the merits, the state no longer challenges *Brown*; instead, the state asserts, as it did in *Benoit*, that a proper application of the *Brown* factors compels the conclusion that, after the prosecutor elected to treat the charges against defendant as violations, the constitutional protections afforded to defendant under Article I, section 11, no longer applied.

The state's arguments in its brief on the merits mirror its arguments in *Benoit*. In particular, the state urges that, because defendant did not face the risk of additional incarceration if convicted of violation-level offenses after the prosecutor elected to reduce the charges, the ensuing proceeding presumptively was not a criminal prosecution.

---

[2] After considering those indicia, the court in *Brown* concluded that the first DUII offense retained "too many penal characteristics" not to be a criminal prosecution for purposes of Article I, section 11. *Id.* at 109-11.

We rejected the identical argument in *Benoit* and will not repeat our discussion of that issue here. *Benoit*, 354 Or at 312-13.

Insofar as the overall application of the *Brown* factors is concerned, if anything, the first and second *Brown* factors tilt more strongly in this case than in *Benoit* toward the conclusion that defendant faced a criminal prosecution under Article I, section 11. With respect to the "type of offense" factor, as we stated in *Benoit*, even though the legislature has authorized a prosecutor to reduce the crimes of attempted first-degree theft and third-degree theft to violations, the legislature nonetheless has declared those offenses to be a crime. *Benoit*, 354 Or at 312-13. Those declarations are consistent with the fact that theft is generally regarded as a *crime* involving dishonesty. *In re Kimmell*, 332 Or 480, 488-89, 31 P3d 414 (2001); *State v. Gallant*, 307 Or 152, 157, 764 P2d 920 (1988). Furthermore, as the Court of Appeals noted, "the prohibition against theft predates our constitutions and the common law," and "a conviction for theft has always required proof of *mens rea*." *Fuller*, 252 Or App at 397.

The "penalty" factor also weighs in defendant's favor here. *Brown*, 280 Or at 103-05. Although incarceration was not an available sanction against defendant on conviction, she was exposed to the risk of imposition of the harshest possible fine for a misdemeanor conviction, $6,500. *See* 161.566(2); (3). The legislature's determination not to downgrade the maximum misdemeanor-level fines for violation-level convictions in the statutory regime that applies to the charges against defendant weighs in favor of the conclusion that it chose to allow prosecutors to decriminalize the process, not the offense.[3]

Finally, and importantly, defendant was arrested and incarcerated for theft-related crimes. No subsequent election by the state to purportedly decriminalize the charges could change the fact that defendant was subjected to those uniquely criminal procedures and their stigmatizing effect.

---

[3] As discussed in *Benoit*, in 2011, the legislature amended ORS 161.566(2) to provide that, in reduced misdemeanor cases, the fine structure for violations, not misdemeanors, applies. ORS 161.566(2) (2011). However, the parties agree that that amendment is not applicable in this case.

*Benoit*, 354 Or at 316. As we explained in *Benoit*, particularly in a case in which the accused already has been subjected to pretrial arrest and detention, a prosecutor's election to reduce the charges to violations does not deprive the accused of the right to a jury trial. *Id.* at 317.[4] Accordingly, the trial court erred in denying defendant's request for a jury trial.

We turn briefly to the issue of defendant's request for application of the standard of proof that applies in "criminal prosecutions." Defendant's argument in that regard mirrors her argument concerning her right to a jury trial. The state has not developed any distinct argument on review concerning the applicable standard of proof. Without some reason for reaching a different conclusion regarding the standard of proof, we affirm the Court of Appeals decision with respect to that issue.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[4] There is no need to discuss the remaining *Brown* factors at length. As was the circumstance in *Benoit*, defendant here does not assert that adverse collateral consequences will flow from an adjudication in this case. We also conclude that determining the punitive significance of violation-level theft convictions is fraught with difficulty, *see Brown*, 280 Or at 106, and not a particularly helpful exercise in contrast to the application of other factors in this case.