724 August 20, 2025 No. 742

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MOSS PERSON,
*Defendant-Appellant.*

Wasco County Circuit Court
23CR01012; A182503

Marion T. Weatherford, Judge.

Submitted June 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the answering brief for respondent. On the reply brief were Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

After a bench trial, defendant was found to have committed waste of a game mammal, ORS 498.042(3), as a Class A violation. Defendant contends on appeal that the trial court erred in applying a culpable mental state requirement of criminal negligence rather than knowledge. The state counters that the trial court erred in applying any culpable mental state requirement at all.[1] Because we agree with the state that no mental state was required for the violation, we affirm.

The state charged defendant with waste of a game mammal, ORS 498.042(3), and unlawfully taking a deer, ORS 498.002(1). Both offenses can be charged either as a Class A misdemeanor or as a Class A violation. ORS 496.992(1), (3). If charged as a misdemeanor, the state must prove that the defendant acted with a culpable mental state: "[A] violation of any provision of the wildlife laws *** is a Class A misdemeanor if the offense is committed with a culpable mental state." ORS 496.992(1). If charged as a violation, no mental state is required: "A violation of a provision of the wildlife laws *** that involves the taking of wildlife, other than nongame mammals and game birds, is a Class A violation if the offense is committed without a culpable mental state." ORS 496.992(3). "'Culpable mental state' has the meaning given that term in ORS 161.085." ORS 496.992(18)(a); *see* ORS 161.085(6) ("'Culpable mental state' means intentionally, knowingly, recklessly or with criminal negligence as these terms are defined in subsections (7), (8), (9) and (10) of this section.").

In this case, the state initially charged both offenses as misdemeanors, and the information alleged that defendant acted "knowingly." A week before trial, however, the state amended the information to allege Class A violations instead of misdemeanors. It alleged the same conduct, but without any mental-state allegations. *See State v. Kuznetsov*, 345 Or 479, 490, 199 P3d 311 (2008) (recognizing that there is no constitutional bar to the state substantively amending an information so long as it does not charge a felony).

---

[1] The state frames its position, alternatively, as a harmlessness argument regarding defendant's claim of error or as a cross-assignment of error.

The trial court subsequently considered whether, notwithstanding the amendment, the prosecution remained a "criminal prosecution" for constitutional purposes and, if so, whether the state needed to prove a culpable mental state for each offense. Even if an offense is designated or treated as a noncriminal violation by statute, there are some circumstances in which its prosecution may amount to a "criminal prosecution" for constitutional purposes. *See State v. Benoit*, 354 Or 302, 308, 311 P3d 874 (2013) (describing the factors relevant to determining whether "an ostensibly civil penalty proceeding remains a 'criminal prosecution' for constitutional purposes" (footnote omitted)). If so, the constitutional protections afforded to criminal defendants under Article I, section 11, of the Oregon Constitution apply, even though the charge is for a noncriminal violation. *See id.* at 307 ("[W]hether a proceeding is a 'criminal prosecution' is key to determining whether a jury trial and the other protections that Article I, section 11, affords defendants are required."). Those constitutional protections include "the right to public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor ***." Or Const, Art I, § 11.

The trial court ultimately concluded that, notwithstanding that the amended information charged violations, defendant was subjected to "criminal prosecution," such that the constitutional protections afforded by Article I, section 11, applied. The court further decided that, as a consequence of that conclusion, the state was required to prove a culpable mental state for each violation. The court reasoned that "if other legal standards of a criminal prosecution are applicable to the violations in this case, then there is also a culpable mental state requirement." As to the waste charge—the only charge on which defendant was ultimately found guilty—the court decided that the requisite mental state was criminal negligence. That is, for defendant to be found guilty, the court required the state to prove that defendant was criminally negligent in wasting an edible portion of a

game mammal. *See* ORS 498.042(3) ("No person shall waste any edible portion of any game mammal * * *."); OAR 635-045-0002 (defining "waste" as "to allow any edible portion of any game mammal (except cougar) * * * to be rendered unfit for human consumption, or to fail to retrieve edible portions, except internal organs, of such game mammals * * * from the field").

To prove its case, the state offered evidence that defendant had shot at a group of deer while hunting with friends. He did not think they had hit any of the deer, and he did not go look to see whether they had. Unbeknownst to defendant, a deer was hit and killed. Its carcass then rotted in the sun. When Oregon State Police troopers questioned defendant about it, defendant told the troopers that "he * * * should have checked * * * if he hit the deer."

Based on that evidence, the court acquitted defendant of unlawfully taking a deer, because it was not convinced that defendant was the one who killed the deer, but it found him guilty of waste of a game mammal. The court reasoned that, regardless of whether it was his shot that hit the deer, defendant was criminally negligent in failing to investigate whether a deer was hit and failing to retrieve and process the carcass.

Defendant appeals, arguing that the trial court applied the wrong culpable mental state. He argues that the correct mental state requirement for waste of a game mammal is knowledge and that he is therefore entitled to a new trial. The state counters that the court erred in requiring any mental state at all. We agree with the state.

It appears to be undisputed that, normally, there is no culpable mental state requirement for the Class A violation of waste of a game mammal. ORS 496.992(3) plainly says so, as to Class A violations of wildlife laws generally when they involve takings, and defendant acknowledges that there is nothing inherently unconstitutional about that provision. The trial court required a culpable mental state only because it concluded that defendant was subjected to "criminal prosecution" in this case, in part because the information charged misdemeanors until a week before trial. Defendant defends

that conclusion on appeal, arguing that, because the proceeding retained characteristics of a "criminal prosecution," he "had the right under Article I, section 11, to have the state prove each element of the *crime* of wasting a game mammal beyond a reasonable doubt." (Emphasis in defendant's brief.) It is undisputed that the criminal version of waste of a game mammal, *i.e.*, the Class A misdemeanor version, includes a culpable mental state requirement as an element of the crime under ORS 496.992(1)—although the parties disagree on which culpable mental state is required for the misdemeanor.

We need not decide whether the trial court was correct in concluding that defendant was subjected to "criminal prosecution" for constitutional purposes, notwithstanding the amendment of the information, because, even if he was, it does not follow that the state had to prove a culpable mental state for him to be found guilty of waste of a game mammal as a Class A violation.

To the extent that defendant was subjected to "criminal prosecution," he was entitled to the rights guaranteed to criminal defendants by Article I, section 11, such as the rights to a jury trial, court-appointed counsel, and so on. But the elements of the offense did not change. To paraphrase the state, defendant has not explained why Article I, section 11, would require the state to prove the elements of the *misdemeanor* version of a wildlife offense when the state was prosecuting the *violation* version of the offense. At the time of trial, defendant was charged with a Class A violation and could only be convicted of a Class A violation, so what the state needed to prove was the elements of a Class A violation. And, under the express terms of ORS 496.992(3), there is no mental state element for a Class A violation of the wildlife laws. Defendant has identified no authority supporting a contrary result. Defendant cites to *State v. Fuller*, 354 Or 295, 301, 311 P3d 861 (2013), and *State v. Pipkin*, 354 Or 513, 527, 316 P3d 255 (2013), but they support only the proposition that, in a "criminal prosecution," Article I, section 11, requires the state to prove each element of an offense beyond a reasonable doubt, not that the state must prove the elements of a Class A misdemeanor to obtain a conviction for a Class A violation.

Accordingly, we reject defendant's claim that the trial court should have imposed a higher culpable mental state requirement for waste of a game animal as a Class A violation. The trial court should not have imposed any culpable mental state requirement at all. Defendant's noncriminal conviction for the Class A violation of waste of a game mammal is affirmed.

Affirmed.